IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CINDY HOGAN-CROSS, | |
| Plaintiff, | 08CV:00012 |
| - against - | **ECF** |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | **COMPLAINT** |

---

Plaintiff, CINDY HOGAN-CROSS, by and through her attorneys, FRANKEL & NEWFIELD, P.C., as and for his Complaint against Defendant METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), hereby sets forth the following:

**THE PARTIES**

1. At all times hereinafter mentioned, Plaintiff CINDY HOGAN-CROSS, was and still is a resident of the State of Texas.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Met Life is a publicly owned life insurance company and a corporation organized and existing under the laws of the State of New York with its principal place of business at One Madison Avenue, New York, New York.

**JURISDICTION AND VENUE**

3. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Southern District of New York is appropriate because Defendant Met Life resides in this judicial district, is subject to personal jurisdiction in this judicial district and

maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

      5.      Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

      6.      At all times hereinafter mentioned, Plaintiff was an employee of IBM.

      7.      During Ms. Hogan-Cross's employment with IBM, Defendant Met Life issued to IBM a long term group disability income policy (hereinafter the "Policy").

      8.      At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible IBM employees in exchange for the payment of premiums by IBM and/or the employees.

      9.      At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued by IBM.

      10.      Said policy issued by IBM provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled.

      11.      On or about April 20, 2006, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

      12.      The Social Security Administration has determined that Plaintiff became disabled on April 19, 2006.

      13.      As of this date, Plaintiff continues to be disabled in that she is unable to perform the duties of her occupation or any gainful occupation taking into account her training, education and experience.

14. Plaintiff's disability is caused by, among other things, fibromyalgia, hypothyroid, migraine, cronic pain, cognitive dysfunction, numbness, as well as the functional limitations caused by these disorders.

15. After receiving the claim forms, Plaintiff filed a claim, cooperated with Defendant MetLife, provided proper proof of loss, and otherwise compiled with the policy terms and conditions regarding the filing of a claim.

16. Pursuant to the policy, MetLife was obligated to commence the periodic payment of monthly benefits to Plaintiff on a timely basis.

17. Met Life accepted Plaintiff's claim for short term disability benefits and paid benefits under the policy for a period of time, thereby admitting that Plaintiff suffered a serious and disabling condition that prevented her from performing the duties of her occupation.

18. At some point thereafter, and despite Plaintiff's continuing total disability, Defendant denied further benefits to Plaintiff and continues to refuse to pay further benefits pursuant to the policy, although payment thereof has been duly demanded.

19. Said refusal on the part of Defendant MetLife is a willful and wrongful breach of the policy terms and conditions.

20. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant MetLife with the passage of each month.

21. Defendant MetLife is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and has a corporate policy to deny or terminate legitimate claims.

22. Defendant Met Life's structural conflict of interest due to its financial

interest in the claim and its corporate policy to deny legitimate claims pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the refusal to accept the well supported findings of Plaintiff's medical doctors, misplaced and biased reliance upon limited surveillance observation of Plaintiff that does not depict functional ability to work in any occupation on a sustained basis, the refusal to consider the well supported findings of the Social Security Administration, despite accepting the financial benefit of Plaintiff's award of Social Security Disability benefits, and the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of any occupation for which she is qualified taking into account training, education or experience and her predisability earnings.

23. Defendant Met Life's claim handling resulted in numerous violations of 29 CFR § 2560.503-1, the ERISA regulations governing Plaintiff's claim.

24. Defendant Met Life's claim handling failed to provide Plaintiff with a full and fair review of her claim.

25. Defendant Met Life's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant Met Life's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

26. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

27. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month.

**WHEREFORE**, Plaintiff CINDY HOGAN-CROSS prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant.

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

e) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

f) Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
December 27, 2007

By:  S/Justin C. Frankel
Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff