**LSK&D #: 564-8006 / 990579**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CINDY HOGAN-CROSS,

                                    Plaintiff,

                -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

                                  Defendant.
-------------------------------------------------------------------x

**No.  08 CV 00012**

**(LAK)**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1404(a)

Of Counsel:
Allan M. Marcus

Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(212) 964-6611
Attorneys for Defendant

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ............................................................................... 1

FACTUAL BACKGROUND .................................................................................... 2

ARGUMENT .............................................................................................................. 3

Venue Should Be Transferred From The Southern District Of New York To The Northern District Of Texas Pursuant To 28 U.S.C. § 1404(a) ...................................... 3

    A.  This Action could have been brought in the Northern District of Texas ....... 4

    B.  Transfer to the Northern District of Texas is convenient for the parties and the witnesses ............................................................................................. 5

        1.  The Northern District of Texas is more convenient for most of the witnesses, and the Southern District of New York is not convenient for any of them ............................................................................................. 6

        2.  The locus of operative facts is in Texas ........................................................ 7

        3.  Plaintiff's choice of forum should be given little deference ......................... 8

    C.  Other factors and the interest of justice also militate in favor of transfer ..... 9

CONCLUSION ........................................................................................................... 10

LESTER SCHWAB KATZ & DWYER  •  120 BROADWAY  •  NEW YORK, NY 10271-0071

## TABLE OF AUTHORITIES

**Page**

**Cases**

Aetna Life & Casualty Co. v. Christie, No. 3:96 cv 1654, 1997 WL 280520
(D. Conn. May 21, 1997)...............................................................................6, 7

Cento Group, S.P.A. v. Oroamerica, Inc., 822 F. Supp. 1058 (S.D.N.Y. 1993)...............5

Cento v. Pearl Arts & Craft Supply, Inc., No. 03 Civ 2424, 2003 WL 1960595
(S.D.N.Y. April 24, 2003) ............................................................................9

Deshoulieres, S.A. v. Cuthbertson Import, Inc., No. 06 Civ 5163 (HB),
2006 WL 2849818 (S.D.N.Y., Oct. 3, 2006)................................................5

Hernandez v. Graebel Van Lines, 761 F. Supp. 983 (E.D.N.Y. 1991)...........................10

Johnson v. Bausch & Lomb, No. 06 Civ 1942 (HB), 2006 WL 1524590
(S.D.N.Y. June 5, 2006)...............................................................................6, 7

Kaltman v. Hahn Auto. Warehouse, Inc., No. 02 Civ 0780, 2002 WL 511547
(S.D.N.Y. April 3, 2002) ............................................................................4

Kwik Goal, LTD v. Youth Sports Publishing, Inc., No. 06 Civ 395 (HB),
2006 WL 1517598 (S.D.N.Y., May 31, 2006)...........................................3, 8

Marble Technics, Ltd. v. Tecnomarmi, Inc., No. 90 Civ 4203, 1991 WL 79329
(S.D.N.Y. May 9, 1991)...............................................................................8, 9

Mentor Graphics Corporation v. Quickturn Design Systems, Inc., 77 F. Supp. 2d 505
(D. Del. 1999)..............................................................................................9

Mitsui Sumitomo Ins. Co. v. Nippon Express U.S.A., Inc., No. 03 Civ. 2774,
2003 U.S. Dist. LEXIS 15761 (S.D.N.Y. Sept. 30, 2003) .........................7, 8

Orix Credit Alliance, Inc. v. Quail Hollow Mining Co., No. 89 Civ 4203, 1991 WL 12414
(S.D.N.Y. January 24, 1991)......................................................................5

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549 (1987) .............................4

LESTER SCHWAB KATZ & DWYER  •  120 BROADWAY  •  NEW YORK, NY 10271-0071

Piper Aircraft Company v. Reyno, 454 U.S. 235, 102 S. Ct. 252 (1981) .........................3

Revson v. Claire's Stores, Inc. & Claire's Boutiques, 120 F. Supp. 2d 332
     (S.D.N.Y. 2000).................................................................................................6

Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573 (S.D.N.Y. 2001)..........7, 10

Schuur v. Walt Disney Co., No. 98 Civ. 2212, 1998 WL 190321
     (S.D.N.Y. April 20, 1998) .................................................................................5

Total Licensed Care, Inc. v. Aetna Life & Casualty, Inc., No. 92 Civ. 5817,
     1993 WL 410456 (S.D.N.Y. Oct. 13, 1993)..............................................4, 8

Van Dusen v. Barrack, 376 U.S. 612, 84 S. Ct. 805 (1964).............................................3

Viacom Int'l, Inc. v. Melvin Simon Prods., Inc., 774 F. Supp. 858
     (S.D.N.Y. 1991)...........................................................................................5, 6, 7

Wechsler v. Macke Int'l Trade, Inc., No. 99 Civ 5725, 1999 WL 1261251
     (S.D.N.Y. Dec. 27, 1999) ................................................................................7, 9

**Statutes**

28 U.S.C. § 1391(b)..............................................................................................4

28 U.S.C. § 1391(c)..............................................................................................4

28 U.S.C. § 1404(a)...................................................................................1, 2, 3, 5, 7

ERISA, 29 U.S.C. §§ 1001 et seq.............................................................................1

ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) .........................................................4

## PRELIMINARY STATEMENT

Defendant Metropolitan Life Insurance Company ("MetLife") respectfully submits this memorandum of law in support of its motion, pursuant to 28 U.S.C. § 1404(a), to transfer venue of this action to the Northern District of Texas as this action could have been originally brought in the Northern District of Texas; the Northern District of Texas is a more convenient and appropriate forum for the parties and non-party witnesses; and transfer would best serve the interests of justice.

Plaintiff Cindy Hogan-Cross's filing of this lawsuit in the Southern District of New York is inappropriate. Hogan-Cross, a resident of Lewisville, Texas, worked for IBM in Dallas, Texas. She was a participant in the IBM Long-Term Disability ("LTD") Plan (the "Plan"), a welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. In applying for benefits under the Plan, Hogan-Cross submitted documents showing treatment for her allegedly disabling condition by medical providers located in the Dallas, Texas area. MetLife, the Plan's claims administrator, denied her LTD benefits claim initially and on appeal. During the course of the claim review, Hogan-Cross was examined and tested by independent medical providers in Dallas, Texas. In addition, MetLife had the claim file reviewed by independent physician consultants located outside of New York.

Hogan-Cross's residence, place of employment and medical treatment and examination in Texas militate in favor of a transfer of venue to the Northern District of Texas. Moreover, as described above, none of the events giving rise to this lawsuit occurred in the Southern District of New York.

1

The only connection of defendant to this District is that MetLife is headquartered here. Such connection is irrelevant, however, since MetLife does business in all 50 states and can readily be sued in the Northern District of Texas.

Thus, this Court has ample grounds for exercising its broad discretion under 28 U.S.C. § 1404(a) to transfer this action to the Northern District of Texas.

### FACTUAL BACKGROUND

This action concerns a claim by plaintiff Cindy Hogan-Cross to recover LTD benefits under an employee benefit plan governed by ERISA. (Complaint[1], ¶¶ 3, 7, 18) Hogan-Cross was a participant in the LTD Plan. (Complaint, ¶ 9) MetLife administered claims for the Plan. (Complaint, ¶ 15; Affidavit of Margaret A. Calderon ("Calderon Aff."), ¶ 2)

Hogan-Cross, a resident of Lewisville, Texas, worked as a software engineer for IBM. (Complaint, ¶ 7; Calderon Aff., ¶ 6, Ex. A) Her place of employment was in Dallas, Texas. (Calderon Aff., ¶ 6, Ex. A) She claimed LTD benefits for a period of disability commencing April 20, 2006. (Complaint, ¶ 11) Hogan-Cross was treated by medical providers located in the Dallas, Texas area. (Calderon Aff., ¶ 6, Ex. A) MetLife administered Hogan-Cross's claim at its disability claims office in Utica, New York. (Calderon Aff., ¶ 3) The independent physicians MetLife consulted during its claim review process are located outside of New York. (Calderon Aff., ¶ 4) The independent medical providers who examined and tested Hogan-Cross during the claim review process are located in the Dallas, Texas area. (Calderon Aff., ¶ 5)

---

[1] A copy of the Complaint is attached to the Declaration of Allan M. Marcus as Exhibit B.

## ARGUMENT

### Venue Should Be Transferred From The Southern District Of New York To The Northern District Of Texas Pursuant To 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), district courts are vested with broad discretion to transfer an action to a more convenient forum. Specifically, the judicial code provides that:

> [f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). See, e.g., Van Dusen v. Barrack, 376 U.S. 612, 618, 84 S. Ct. 805, 809 (1964) (holding that a court should transfer a case to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense'" that inevitably arises from having to litigate in an inconvenient forum) (citations omitted); see also Piper Aircraft Company v. Reyno, 454 U.S. 235, 254, 102 S. Ct. 252, 265 (1981) (noting that section 1404(a) "was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system").

A transfer of this action to the Northern District of Texas is warranted because (i) the action could have been brought in that district, (ii) the transfer would be for the convenience of [the] parties and witnesses, and the (iii) transfer to that district would be in the interest of justice. See Kwik Goal, LTD v. Youth Sports Publishing, Inc., No. 06 Civ. 395 (HB), 2006 WL 1517598, at *1 (S.D.N.Y., May 31, 2006).

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, NY 10271-0071

**A.    This Action could have been brought in the Northern District of Texas**

"An action `might have been brought' in the proposed transferee forum if subject matter and personal jurisdiction could have been obtained and venue properly laid there." Kaltman v. Hahn Auto. Warehouse, Inc., No. 02 Civ. 0780, 2002 WL 511547, at *1 (S.D.N.Y. April 3, 2002).  MetLife is amenable to personal jurisdiction in the Northern District of Texas.  Hogan-Cross's ERISA claim clearly provides the necessary subject-matter jurisdiction for the Northern District of Texas, as the action is based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and ERISA's jurisdictional provision, 29 U.S.C. § 1132(e)(2).  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549 (1987).

Venue would more properly lie in the Northern District of Texas.    Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  Under ERISA, a corporation resides for venue purposes where it is "licensed to do business or is doing business."  28 U.S.C. § 1391(c); see Total Licensed Care, Inc. v. Aetna Life & Casualty, Inc., No. 92 Civ. 5817, 1993 WL 410456, at *2 (S.D.N.Y. Oct. 13, 1993).  Because MetLife does business or can be found in Texas, it resides in Texas for the purposes of this lawsuit and therefore venue is proper in the Northern District of Texas.  Likewise, the Plan, some of whose participants are found in Texas, may be sued in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b).

Thus, it is clear that this action could (and should) have been brought in the Northern District of Texas.

4

**B.    Transfer to the Northern District of Texas is convenient for the parties and the witnesses**

To determine whether a transfer would serve the interests of convenience, courts consider a variety of well-established factors, none of which are individually dispositive, including: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the locus of operative facts; (6) the weight accorded the plaintiff's choice of forum; (7) trial efficiency; and (8) the interests of justice.  See Kwik Goal, 2006 WL 1517598 at *1; Deshoulieres, S.A. v. Cuthbertson Import, Inc., No. 06 Civ. 5163 (HB), 2006 WL 2849818, at *2 (S.D.N.Y. Oct. 3, 2006).

Courts agree that among the most significant factors are: (i) the convenience of the witnesses; (ii) the locus of operative facts; and (iii) the convenience of the parties. See, e.g., Viacom Int'l, Inc. v. Melvin Simon Prods., Inc., 774 F. Supp. 858, 868 (S.D.N.Y. 1991) ("The core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of witnesses . . . . Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district"); Schuur v. Walt Disney Co., No. 98 Civ. 2212, 1998 WL 190321, at *2 (S.D.N.Y. April 20, 1998) (same); Cento Group, S.P.A. v. Oroamerica, Inc., 822 F. Supp. 1058, 1060 (S.D.N.Y. 1993) ("[t]he convenience of parties and witnesses is considered 'the essential criteria under the venue statute,' . . . and 'the most significant factor'") (internal citations omitted); Orix Credit Alliance, Inc. v. Quail Hollow Mining Co., No. 89 Civ. 4203, 1991 WL 12414, at *1 (S.D.N.Y. January 24, 1991) ("[t]he convenience of witnesses is generally viewed as the most important factor

on a motion for transfer"). Here, each of these factors weighs decisively in favor of transfer to the Northern District of Texas.

> **1.    The Northern District of Texas is more convenient for most of the witnesses, and the Southern District of New York is not convenient for any of them**

Courts have stated that the convenience of both party and non-party witnesses is the most important factor in a transfer analysis and have routinely granted transfer motions when another forum is more convenient for the witnesses. See, e.g., Johnson v. Bausch & Lomb, No. 06 Civ. 1942 (HB), 2006 WL 1524590, at *5 (S.D.N.Y. June 5, 2006) ([The convenience of witnesses] is arguably the most important [factor] in deciding transfer motions. . . ."). See also Revson v. Claire's Stores, Inc. & Claire's Boutiques, 120 F. Supp. 2d 332 (S.D.N.Y. 2000); Viacom Int'l, Inc., 774 F. Supp. at 868.

Of the party and potential non-party witnesses (including the plaintiff) who are related in some way to this lawsuit, not one is found in this District.[2] All of the non-party witnesses will be inconvenienced if this case is not transferred.  Additionally, it makes no sense for Hogan-Cross herself, who resides in Texas and is allegedly disabled, to travel to New York to participate in these proceedings.

Thus, the convenience of party and non-party witnesses strongly favors transfer. See, e.g., Aetna Life & Casualty Co. v. Christie, No. 3:96 cv 1654, 1997 WL 280520 (D. Conn. May 21, 1997) (transferring ERISA case concerning long-term disability benefits from the Southern District of New York to California where employee/insured resided in California, was employed in California, became disabled in California, and both his and

---

[2] Without conceding that these individuals need to travel, the processing and administration of Plaintiff's claim was done by MetLife employees located in Utica, New York. (Calderon Aff., ¶ 3).

the insurance company's doctors, as well as other witnesses, resided in California); Johnson, 2006 WL 1524590, at *5 (transferring venue where plaintiff did not identify any witnesses who resided in the Southern District of New York).

### 2.    The locus of operative facts is in Texas

"[T]he place where the operative facts occurred is traditionally an important factor to be considered in deciding where a case should be tried [and,] [where] there is no material connection between this district and the operative facts . . . the interests of justice require the transfer of the action." Wechsler v. Macke Int'l Trade, Inc., No. 99 Civ. 5725, 1999 WL 1261251, at *10 (S.D.N.Y. Dec. 27, 1999).  See also Mitsui Sumitomo Ins. Co. v. Nippon Express U.S.A., Inc., No. 03 Civ. 2774, 2003 U.S. Dist. LEXIS 15761 (S.D.N.Y. Sept. 30, 2003) (transferring action and noting the "overriding consideration" is which forum affords an "easier and more accurate means of ascertaining critical facts.").

Hogan-Cross lives in Lewisville, Texas.  She worked in Dallas, Texas.  She was treated for her alleged disability by medical providers located in the Dallas, Texas area. Clearly, Texas is the center of gravity of this litigation.  See Viacom Int'l, Inc., 774 F.Supp. at 868 ("[t]he core determination under § 1404(a) is the center of gravity of this litigation").  See also Aetna Life & Casualty Co., 1997 WL 280520, at *2 (transferring ERISA benefits case from the S.D.N.Y. to California where employee worked, became disabled and underwent surgery in California); Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573 (S.D.N.Y. 2001) (transferring venue when underlying facts occurred predominantly in another district).

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, NY 10271-0071

**3.    Plaintiff's choice of forum should be given little deference**

Although the plaintiff's choice of forum is typically entitled to substantial weight, it should be accorded very little weight in this case for several reasons.  First, plaintiff's choice of forum is accorded very little deference where the plaintiff does not reside in the chosen forum.  See, e.g., Kwik Goal, LTD., 2006 WL 1517598, at *2 (holding that plaintiff's choice of forum is accorded less deference when it is not plaintiff's home forum); Mitsui Sumitomo Ins. Co., 2003 U.S. Dist. LEXIS 15761, at *3 ("Where [ ] the plaintiff is . . . a stranger with no connection to the forum, the degree of deference accorded its choice is diminished.") (citations omitted).

Second, as discussed above, none of the events giving rise to this action are alleged to have occurred in this District.  "[W]hen a plaintiff brings a suit [ ] in a forum that has no material connection with the action, this factor should be given little weight." Wechsler, 1999 WL 1261251, at *8.  See also Kwik Goal, 2006 WL 1517598, at *2 (holding that courts accord less deference to plaintiff's choice of forum if case lacks material or significant contacts with forum state); Total Licensed Care, Inc., 1993 WL 410456, at * 1 (transferring ERISA case, noting plaintiff's choice of forum "is accorded less weight to the extent that the underlying facts of the case have little or no connection to [the] forum.") (citation omitted); Marble Technics, Ltd. v. Tecnomarmi, Inc., No. 90 Civ. 4203, 1991 WL 79329, at *4 (S.D.N.Y. May 9, 1991) ("[T]he emphasis that a court must place on this factor diminishes where, as here, the operative facts giving rise to the litigation bear little material connection to the chosen forum").

Third, the absolute lack of any connection between Hogan-Cross and the Southern District of New York undermines the propriety of her choice of forum.  See

Cento v. Pearl Arts & Craft Supply, Inc., No. 03 Civ. 2424, 2003 WL 1960595, at *2 (S.D.N.Y. April 24, 2003) ("the Court cannot ignore the fact that the choice of this district was completely arbitrary.  There simply is no reason for the case to be here, a factor relevant to the interests of justice.")

Accordingly, plaintiff's choice of forum in this case should be afforded little, if any, weight.

### C.    Other factors and the interest of justice also militate in favor of transfer

Most of the other, less significant, transfer factors militate toward transfer.  For example, since there are no relevant non-party witnesses within 100 miles of the Southern District of New York, this District will be unable to compel the attendance of unwilling witnesses.  This factor favors transfer, especially given the availability of process in Texas to compel testimony of most non-party witnesses.  See Marble Technics, Ltd., 1991 WL 79329, at *1 ("'The fact that a defendant's non-party witnesses are not subject to compulsory process in this forum is a factor in favor of transfer.'" (citation omitted)).  The interests of justice and fairness weigh in favor of transfer to ensure that defendants have a fair opportunity to secure live trial testimony from key non-party witnesses.  See, e.g., Mentor Graphics Corporation v. Quickturn Design Systems, Inc., 77 F. Supp. 2d 505, 513 (D. Del. 1999) ("the interests of justice are not well served by forgoing the benefits of the subpoena power [the transferee court] can exercise over a number of important witnesses in this case").

Furthermore, transfer of this action, which is in its earliest stages, will impose negligible, if any, inconvenience to the plaintiff.  See, e.g., Wechsler, 1999 WL 1261251, at *10 ("Transfer of an action facilitates discovery when: (i) the action is in the early

9

stages of litigation; and (ii) the transferee district is the place where the operative events occurred and where many witnesses and documents are located.").

Finally, calendar congestion is also a factor to be considered. Where the docket of the transferee district is less congested then that of the transferor, this factor favors transfer. See Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 991 (E.D.N.Y. 1991). "Indeed, it has been noted the Southern District of New York is one of the busiest courts in the nation. . . Accordingly, retention of a case such as this, with only minimal connection to New York, would not serve the interest of justice, and would only delay adjudication of other cases brought by parties who are compelled to sue here.'" Royal & Sunalliance, 167 F. Supp. 2d at 579. (Citations omitted.)

## **CONCLUSION**

For the reasons discussed above, this action should be transferred to the Northern District of Texas.

Dated:      New York, New York
            March 7, 2008

                              Respectfully submitted,

                              LESTER SCHWAB KATZ & DWYER, LLP

                              _____
                              Allan M. Marcus (AM-9027)
                              120 Broadway
                              New York, New York  10271
                              (212) 964-6611
                              Attorneys for Defendant
                              Metropolitan Life Insurance Company

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, NY 10271-0071

TO:

Justin C. Frankel, Esq. (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff

LESTER SCHWAB KATZ & DWYER  •  120 BROADWAY  •  NEW YORK, NY 10271-0071