IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CINDY HOGAN-CROSS, | 08 CV 00012 (LAK) |
| Plaintiff, | |
| - against - | ECF |
| METROPOLITAN LIFE INSURANCE COMPANY and INTERNATIONAL BUSINESS SYSTEMS, CORP. | **AMENDED COMPLAINT** |
| Defendants. | |

---

Plaintiff, CINDY HOGAN-CROSS, by and through her attorneys, FRANKEL & NEWFIELD, P.C., as and for her Amended Complaint against Defendants METROPOLITAN LIFE INSURANCE COMPANY ("MetLife") and INTERNATIONAL BUSINESS SYSTEMS, CORP. ("IBM"), hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff CINDY HOGAN-CROSS, was and still is a resident of the State of Texas.

2. Upon information and belief, at all times hereinafter mentioned, Defendant Met Life is a publicly owned life insurance company and a corporation organized and existing under the laws of the State of New York with its principal place of business at One Madison Avenue, New York, New York.

3. Upon information and belief, at all times hereinafter mentioned, Defendant IBM is a publicly owned and traded corporation organized and existing under the laws of the State of New York, with its principal place of business at New Orchard Road, Armonk, New York.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

5. Venue in the Southern District of New York is appropriate because both Defendant Met Life and Defendant IBM reside in this judicial district, are subject to personal jurisdiction in this judicial district and maintain contacts in this judicial district sufficient to subject both to personal jurisdiction.

6. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## FACTS

7. At all relevant times hereinafter mentioned, Plaintiff was an employee of IBM.

8. During Ms. Hogan-Cross's employment with IBM, Defendant Met Life issued to IBM a long term group disability income policy (hereinafter the "Policy").

9. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible IBM employees in exchange for the payment of premiums by IBM and/or the employees.

10. At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued by IBM.

11. Said policy issued by IBM provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled.

12. On or about April 20, 2006, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled

within the meaning and pursuant to the terms of said Policy.

13. The Social Security Administration has determined that Plaintiff became disabled on April 19, 2006.

14. As of this date, Plaintiff continues to be disabled in that she is unable to perform the duties of her occupation or any gainful occupation taking into account her training, education and experience.

15. Plaintiff's disability is caused by, among other things, fibromyalgia, hypothyroid, migraine, chronic pain, cognitive dysfunction, numbness, as well as the functional limitations caused by these disorders.

16. After receiving the claim forms, Plaintiff filed a claim, cooperated with Defendant MetLife, provided proper proof of loss, and otherwise compiled with the policy terms and conditions regarding the filing of a claim.

17. Pursuant to the policy, MetLife was obligated to commence the periodic payment of monthly benefits to Plaintiff on a timely basis.

18. Met Life accepted Plaintiff's claim for short term disability benefits and paid benefits under the policy for a period of time, thereby admitting that Plaintiff suffered a serious and disabling condition that prevented her from performing the duties of her occupation.

19. At some point thereafter, and despite Plaintiff's continuing total disability, Defendant denied further benefits to Plaintiff and continues to refuse to pay further benefits pursuant to the policy, although payment thereof has been duly demanded.

20. Said refusal on the part of Defendant MetLife is a willful and wrongful breach of the policy terms and conditions.

21. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant MetLife with the passage of each month.

22. Defendant MetLife is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and has a corporate policy to deny or terminate legitimate claims.

23. Defendant Met Life's structural conflict of interest due to its financial interest in the claim and its corporate policy to deny legitimate claims pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the refusal to accept the well supported findings of Plaintiff's medical doctors, misplaced and biased reliance upon limited surveillance observation of Plaintiff that does not depict functional ability to work in any occupation on a sustained basis, the refusal to consider the well supported findings of the Social Security Administration, despite accepting the financial benefit of Plaintiff's award of Social Security Disability benefits, and the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of any occupation for which she is qualified taking into account training, education or experience and her predisability earnings.

24. Defendant Met Life's claim handling resulted in numerous violations of 29 CFR § 2560.503-1, the ERISA regulations governing Plaintiff's claim.

25. Defendant Met Life's claim handling failed to provide Plaintiff with a full and fair review of her claim.

26. Defendant Met Life's claim handling demonstrates a bias against

Plaintiff's claim due to its impact on Defendant Met Life's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

27. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

28. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month.

### AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff repeats, reiterates and realleges each of the allegations contained in paragraphs "1" through "28" with the same force and effect as if set forth more fully herein.

30. Upon information and belief, Plaintiff was eligible for additional employee benefits through her employment with IBM that are directly linked to her eligibility for disability benefits.

31. As a result of the claim determination against Plaintiff, her other employee benefits have been impacted.

### AS AND FOR A THIRD CAUSE OF ACTION (ERISA 502(a)3))

32. Plaintiff repeats, reiterates and realleges each of the allegations contained in paragraphs "1" through "31" with the same force and effect as if set forth more fully herein.

33. The Employee Retirement Income Security Act of 1974 ("ERISA") was enacted to protect the interests of employees in the administration of their employer's welfare benefit plans. In addition to conferring numerous rights upon plan participants, ERISA imposes duties upon the people and corporations who are responsible for the operation of such plans. By law, plan fiduciaries are required to discharge their duties prudently, diligently, and solely in the interest of the plan's beneficiaries, for the exclusive purpose of providing promised benefits.

5

34. ERISA requires every employee welfare benefit plan to provide for one or more named fiduciaries who will have "authority to control and manage the operation and administration of the Plan" [29 U.S.C. § 1102 (a)(1)]. Either by operation of law or through the implementation of ERISA plan documents, the employer of Plaintiff delegated its fiduciary responsibility for claims administration to one or more of the named Defendants, either directly or indirectly.

35. Defendant Met Life and its agents has determined or participated in determining the eligibility of Plaintiff for disability benefits and/or had the discretionary authority or discretionary responsibility in the administration of Plaintiff's plan. Accordingly, at all relevant times herein, Defendant Met Life was and is a fiduciary pursuant to ERISA [29 U.S.C. § 1002 (21)].

36. Upon information and belief, Defendant Met Life's implementation and application of the foregoing offending claim's practices has caused and continues to cause harm to Plaintiff in violation of ERISA.

37. By virtue of the conduct described above, Defendant Met Life breached its fiduciary obligations to Plaintiff under ERISA [29 U.S.C. § 1104(a)] to discharge its duties "solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries . . . with the care, skill, prudence, and diligence . . . [of a] prudent man . . . and in accordance with the documents and instruments governing the plan . . . ."

38. By managing, operating and administering ERISA-governed plans in the manner described above, Defendant Met Life has failed to exercise the care of an ordinary prudent person engaged in a similar activity under prevailing circumstances, all in violation of

ERISA [29 U.S.C. § 1104(a)(1)(B)].

39. By the foregoing offending claims practices, Defendant Met Life failed to discharge its fiduciary duties in accordance with plan documents and ERISA's legislative scheme.

40. As a result of the breaches of fiduciary duty as described above, Plaintiff has been harmed and continues to be harmed.

41. As a participant in an ERISA-governed benefit plan, Plaintiff is entitled to appropriate equitable relief under ERISA [29 U.S.C. § 1132(a)(3)] to (a) obtain appropriate injunctive relief immediately stopping the offending and egregious practices that are causing ongoing harm to Plaintiff, and (b) redress the violations of §1104 set forth herein.

42. Plaintiff does not have an adequate remedy at law, inasmuch as any benefit action under ERISA 502(a)(1)(B) will result in having further claim determinations made by Defendant Met Life, who has previously demonstrated an inability to act as a neutral claim evaluator.

**WHEREFORE**, Plaintiff CINDY HOGAN-CROSS prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Amended Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant;

b) Defendant Met Life is obligated to pay continuing benefits to Plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest;

c) Defendants' obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

e) Plaintiff shall be entitled to the continuation of her other employee benefits that are linked to her disability status through IBM;

f) Pursuant to ERISA 502(a)(3), Plaintiff shall be entitled to appropriate equitable relief, including the removal of Defendant Met Life as claims administrator, and the imposition upon Defendant IBM of substituting Defendant Met Life as claims administrator;

g) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

h) Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
       March 14, 2008

By: _____
Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff

8

## CERTIFICATE OF SERVICE

I, Jason Newfield, hereby certify that on March 14, 2008, a copy of the foregoing

Plaintiff's AMENDED COMPLAINT was mailed by first-class mail to the counsel listed below:

> Allan Marcus, Esq.
> LESTER SCHWAB KATZ & DWYER, LLP
> 120 Broadway
> New York, NY 10271

_____
Jason Newfield (JN 5529)