LSK&D #: 564-8006 / 1007099

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CINDY HOGAN-CROSS,

                             Plaintiff,

        -against-

METROPOLITAN LIFE INSURANCE
COMPANY and INTERNATIONAL BUSINESS
SYSTEMS CORP.,

                          Defendants.
-----------------------------------------------------------------x

No. 08 CV 00012 (LAK)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Of Counsel:
Allan M. Marcus

Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(212) 964-6611
Attorneys for Defendants

Defendants Metropolitan Life Insurance Company ("MetLife") and International Business Machines Corporation ("IBM") (incorrectly sued as "International Business Systems Corp."), respectfully submit this Memorandum of Law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss defendant IBM from this action.

## BACKGROUND

Plaintiff commenced this action against MetLife to recover long-term disability ("LTD") benefits under an employee benefits plan (the "Plan") sponsored by her former employer IBM and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. (See Complaint, Docket No. 1.) MetLife is the Plan's claims administrator. MetLife also funds Plan benefits through a policy of group insurance issued to IBM. (See Declaration of Allan M. Marcus ("Marcus Decl."), ¶ 2, Ex. A., Summary Plan Description ("SPD") pp. 1, 24, 32.)[1] IBM does not play a role in determining eligibility for benefits nor is it liable for payment of benefits. (See SPD, p. 32: "If We (i.e, MetLife) approve the claim, We will pay the Monthly Benefit....")

On March 7, 2008, MetLife filed a Motion to Transfer Venue of this case to the Northern District of Texas. (See Motion to Transfer Venue, Docket No. 7.)

On March 14, 2008, plaintiff filed an Amended Complaint adding IBM as a defendant. (See Marcus Decl., ¶ 3, Ex. B., Amended Complaint ("Am. Compl.").) The Amended Complaint purports to state the following claims: (i) as against MetLife for wrongful denial of LTD benefits under the Plan (presumably under ERISA Section

---

[1] In ruling on a motion under Rule 12(b)(6), the complaint is "deemed to include ... any statement or documents incorporated in it by reference." Rothman v. Gregor, 220 F.3d 81, 98-99 (2d Cir. 2000); Harrison v. Metropolitan Life Ins. Co., 417 F. Supp. 2d 424, 431 (S.D.N.Y. 2006).

502(a)(1)(B)) (see Am. Compl, ¶¶ 12-28); (ii) as against MetLife for equitable relief for breach of fiduciary duty under ERISA section 502(a)(3) (see id., ¶¶ 33-42); and (iii) for recovery of certain ancillary benefits dependent on plaintiff being found eligible for LTD benefits (see id., ¶¶ 30-31).  There are no specific factual allegations or legal claims in the Amended Complaint against IBM.

## ARGUMENT

### I. Standard For Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)

Dismissal of a complaint for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) is proper where "it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1989).  The court accepts as true all factual allegations in the complaint, and views them in the light most favorable to the plaintiff.  See DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996).  However, a plaintiff must provide the grounds of her entitlement to relief beyond mere conclusory allegations.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

### II. Because The Amended Complaint Does Not State Any Claims Against IBM, It Should Be Dismissed

It is readily apparent that plaintiff added IBM as a defendant to this action only to try to defeat MetLife's pending motion to transfer venue.  Although mentioning IBM as plaintiff's employer to whom MetLife issued a group policy of insurance to fund LTD benefits under the Plan (see Am. Compl., ¶¶ 7-10), the Amended Complaint is devoid of any claim or cause of action directed against IBM.  Rather, plaintiff's claim for LTD benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (Am. Compl., ¶¶ 12-28), and for equitable relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3)

(Am. Compl., ¶¶ 33-42), are both directed solely at MetLife. Similarly, plaintiff's claim for other employee benefits (see Am. Compl., ¶¶ 30, 31) is "directly linked to her eligibility for disability benefits" (id., ¶ 30), which MetLife determines.

The Second Circuit has held that, in a claim for recovery of ERISA-plan benefits, "only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989). Significantly, in this case, IBM is identified only as plaintiff's employer and the group policyholder, not in any fiduciary capacity with respect to the Plan.

Because plaintiff has failed to state any claim against IBM on which relief can be granted, IBM should be dismissed from this action. See, e.g., Kok v. First Unum Life Ins. Co., 154 F. Supp. 2d 777, 780 (S.D.N.Y. 2001) (dismissing employer because only plan's claims administrator obligated to pay ERISA-plan benefits).

## CONCLUSION

For the reasons discussed above, the Court should dismiss defendant IBM from this case.

Dated:   New York, New York
         April 11, 2008

                          Respectfully submitted,

                          LESTER SCHWAB KATZ & DWYER, LLP

                          _____
                          Allan M. Marcus (AM-9027)
                          120 Broadway
                          New York, New York  10271
                          (212) 964-6611
                          Attorneys for Defendants
                          Metropolitan Life Insurance Company and
                          International Business Systems Corp.

TO:

Justin C. Frankel, Esq. (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff