LSK&D #: 564-8006 / 1006795
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CINDY HOGAN-CROSS,

                       Plaintiff,

          -against-

METROPOLITAN LIFE INSURANCE
COMPANY and INTERNATIONAL BUSINESS
SYSTEMS CORP.,

                       Defendants.
-------------------------------------------------------------------x

No. 08 CV 00012 (LAK)

**ANSWER TO AMENDED COMPLAINT**

Defendant Metropolitan Life Insurance Company ("MetLife"), by its attorneys Lester Schwab Katz & Dwyer, LLP, for its Answer to the Amended Complaint ("Complaint"), states as follows:

1. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Denies the allegations contained in paragraph "2" of the Complaint, except admit that MetLife is a life insurance company and a corporation organized under the laws of New York State.

3. Denies the allegations contained in paragraph "3" of the Complaint.

4. Declines to plead because the allegations in paragraph "4" of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent that a response is required, admit that this Court has jurisdiction.

5. Denies the allegations contained in paragraph "5" of the Complaint.

6. Declines to plead because the allegations in paragraph "6" of the Complaint state legal conclusions as to which no responsive pleading is required.

7. Denies the allegations contained in paragraph "7" of the Complaint, except admit that, at certain times, plaintiff was employed by IBM.

8. Denies the allegations contained in paragraph "8" of the Complaint.

9. Admits the allegations contained in paragraph "9" of the Complaint.

10. Denies the allegations contained in paragraph "10" of the Complaint, except admit that, at certain times, plaintiff was an employee of IBM and a participant in the IBM Long-Term Disability ("LTD") Benefits Plan (the "Plan").

11. Denies the allegations contained in paragraph "11" of the Complaint.

12. Denies the allegations contained in paragraph "12" of the Complaint.

13. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies the allegations contained in paragraph "15" of the Complaint.

16. Denies the allegations contained in paragraph "16" of the Complaint, except admit that MetLife received a claim for LTD benefits from plaintiff, along with certain medical records and other information.

17. Denies the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint, except admit that MetLife paid plaintiff short-term disability ("STD") benefits.

19. Denies the allegations contained in paragraph "19" of the Complaint, except admit that MetLife denied plaintiff's claim for LTD benefits.

20. Denies the allegations contained in paragraph "20" of the Complaint.

21. Denies the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint.

24. Denies the allegations contained in paragraph "24" of the Complaint.

25. Denies the allegations contained in paragraph "25" of the Complaint.

26. Denies the allegations contained in paragraph "26" of the Complaint.

27. Denies the allegations contained in paragraph "27" of the Complaint.

28. Denies the allegations contained in paragraph "28" of the Complaint.

29. Repeats and realleges each of the foregoing responses in paragraphs "1" to "28" above as if fully set forth herein in response to paragraph 29" of the Complaint.

30. Denies the allegations contained in paragraph "30" of the Complaint.

31. Denies the allegations contained in paragraph "31" of the Complaint.

32. Repeats and realleges each of the foregoing responses in paragraphs "1" to "32" above as if fully set forth herein in response to paragraph 29" of the Complaint.

33. Declines to plead because the allegations in paragraph "33" of the Complaint state legal conclusions as to which no responsive pleading is required.

34. Declines to plead because the allegations in paragraph "34" of the Complaint state legal conclusions as to which no responsive pleading is required

35. Admits the allegations contained in paragraph "35" of the Complaint.

36. Denies the allegations contained in paragraph "36" of the Complaint.

37. Denies the allegations contained in paragraph "37" of the Complaint.

38. Denies the allegations contained in paragraph "38" of the Complaint.

39. Denies the allegations contained in paragraph "39" of the Complaint.

40. Denies the allegations contained in paragraph "40" of the Complaint.

41. Denies the allegations contained in paragraph "41" of the Complaint.

42. Denies the allegations contained in paragraph "42" of the Complaint.

43. Denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

44. Plaintiff's lawsuit should be dismissed because it fails to state a claim upon which relief can be granted.

45. Plaintiff's lawsuit should be dismissed because MetLife acted reasonably and properly, and on the basis of substantial evidence in the administrative claim record, in adjudicating plaintiff's claim for disability benefits.

46. Plaintiff's lawsuit should be dismissed because MetLife, a Plan fiduciary, administered plaintiff's claim in accordance with the documents and instruments governing the Plan and in the interest of all Plan participants and beneficiaries.

47. Plaintiff's recovery of benefits, if any, should be reduced by her receipt of Social Security Disability Income Benefits, and other income benefits, as provided by the Plan.

48. Plaintiff is not entitled to recovery because she failed to satisfy all conditions precedent to a claim for benefits in that she has, among other things, failed to present sufficient medical evidence demonstrating disability as defined by the Plan.

49. Plaintiff is not entitled to recovery because she has failed to meet her burden under the terms of the Plan to submit sufficient and satisfactory proof of her alleged disability.

50. Plaintiff's remedies are limited to those afforded by the Employee Retirement Income Security Act of 1974 ("ERISA").

51. Plaintiff's cause of action under ERISA Section 502(a)(3) should be dismissed because she has an adequate remedy for Plan benefits under ERISA Section 502(a)(1)(B).

**WHEREFORE**, Defendant MetLife demands judgment against Plaintiff dismissing the Amended Complaint with prejudice, together with its attorneys' fees and the costs and disbursements of this action, and for such other and further relief as the Court shall deem just and proper.

Dated:  New York, New York
        April 11, 2008

                                              Respectfully submitted,

                                              LESTER SCHWAB KATZ & DWYER, LLP

                                              _____
                                              Allan M. Marcus (AM-9027)
                                              120 Broadway
                                              New York, New York 10271
                                              (212) 964-6611
                                              Attorneys for Defendant
                                              Metropolitan Life Insurance Company

TO:

Justin C. Frankel, Esq. (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff