IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CINDY HOGAN-CROSS,

                 Plaintiff,

    - against -

METROPOLITAN LIFE INSURANCE
COMPANY and INTERNATIONAL BUSINESS
SYSTEMS, CORP.

                 Defendants.

08 CV 00012 (LAK)

ECF

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITON TO DEFENDANT'S MOTION TO DISMISS

FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 301
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

Of Counsel:    Jason A. Newfield (JN-5529)
                  Justin C. Frankel (JF-5983)

## TABLE OF AUTHORITIES

Page

*Amara v. CIGNA Corp.*, 534 F.Supp.2d 288 (D. Conn. 2008)..............................4

*California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 30 L.Ed.2d 642 (1972)..........................................................................2

*Chapman v. Choicecare Long Island Term Disability Plan*, 2002 U.S. App. LEXIS 24460 (2d Cir. 2002)........................................................................3

*Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L.Ed.2d 80 (1957).................................2

*Fredericks v. Hartford Life Ins. Co.*, 488 F.Supp.2d 210 (N.D.N.Y. 20007)..............4

*Kok v. First Unum Life Ins. Co.*, 154 F.Supp.2d 777 (S.D.N.Y. 2001).....................3

*Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989)..........................3

*Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2d Cir. 1992)................................2

### FEDERAL STATUTES AND REGULATIONS

29 U.S.C. § 1102 (a)(1).......................................................................................4

29 U.S.C. § 1102 (21).........................................................................................5

29 U.S.C. § 1104............................................................................................1,6

29 U.S.C. § 1104(a)............................................................................................5

29 U.S.C. § 1104(a)(1)(B)....................................................................................6

ERISA, 29 U.S.C. § 1132(a)(1)(B).........................................................................1

ERISA, 29 U.S.C. § 1132(a)(3)..........................................................................1,6

ERISA 502(a)(1)(B).............................................................................................6

ERISA 502(a)(3).................................................................................................7

### TREATISES

*Martin Wald & David E. Kenty, ERISA: A Comprehensive Guide* § 7.5 (1991)..........3

## PRELIMINARY STATEMENT

Plaintiff Cindy Hogan-Cross ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant International Business Machines, Corp. ("IBM")'s motion to dismiss the Amended Complaint as against IBM. Plaintiff has also filed an opposition to Defendants' motion to transfer venue, simultaneously with this memorandum of law.

Plaintiff worked for IBM and as a benefit of her employment, she was a participant in the IBM disability plan, a welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"). On or about April 20, 2006, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled. After becoming disabled, Plaintiff applied for benefits and benefits were approved, but thereafter terminated. Plaintiff filed her administrative appeal, and was not successful in having Defendant Met Life overturn its prior claim determination. This lawsuit followed the exhaustion of Plaintiff's administrative remedies.

Plaintiff originally asserted a claim only against Defendant Met Life, seeking relief pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B). Plaintiff thereafter amended its Complaint, and the Amended Complaint seeks relief against Defendant Met Life under 29 U.S.C. § 1132(a)(1)(B), and against Defendant IBM for two forms of relief. The first is seeking relief for other employee welfare benefits that are linked to her eligibility for disability insurance benefits under the policy in which Plaintiff has sought relief against Defendant Met Life. The second aspect of relief against IBM is brought pursuant to 29 U.S.C. § 1132(a)(3), to obtain appropriate injunctive relief to stop the offending claim practices causing Plaintiff harm and to redress violations of 29 U.S.C. § 1104.

## ARGUMENT

## MOTION TO DISMISS PRINCIPALS

On a motion to dismiss, the standard of review is heavily weighted in favor of the Plaintiff. The Court is required to read a complaint generously, drawing all reasonable inferences from the complaint's allegations. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 30 L.Ed.2d 642 (1972). The Court must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stewart v. Jackson & Nash*, 976 F.2d 86, 87 (2d Cir. 1992) quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L.Ed.2d 80 (1957).

In order to secure the relief that Plaintiff requires regarding her other employee welfare benefits, Plaintiff needed to institute suit against her former employer, IBM, as these benefits are directly linked to her eligibility for disability insurance benefits. Thus, IBM is a proper party in this action, and one against which specific relief is sought.

In this regard, the Amended Complaint asserts as follows:

> 30. Upon information and belief, Plaintiff was eligible for additional employee benefits through her employment with IBM that are directly linked to her eligibility for disability benefits.
>
> 31. As a result of the claim determination against Plaintiff, her other employee benefits have been impacted.

In the prayer for relief section of Plaintiff's Amended Complaint, Plaintiff requests as follows:

> e) Plaintiff shall be entitled to the continuation of her other employee benefits that are linked to her disability status through IBM.

Defendant moves to dismiss in reliance upon *Kok v. First Unum Life Ins. Co.*, 154 F.Supp.2d 777 (S.D.N.Y. 2001), a case in which the claims against the employer were for breach of the contract, with malice, against which relief was only proper against the insurer (First Unum), and for consequential and punitive damages. Thus, that case is readily distinguishable, as here, Plaintiff is seeking specific relief against IBM, to wit, the other employee welfare benefits to which she would be entitled upon a finding of disability.[1]

Defendant also relies upon *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989). There, the case was dismissed and upheld on appeal due to the determination that only the plan and the administrators and trustees of the plan in their capacity as such may be held liable. Here, however, Plaintiff is seeking relief against IBM, not solely as the plan administrator, but due to the fact that Plaintiff is potentially entitled to other employee welfare benefits. Thus, reliance upon *Leonelli* is misplaced. *See Chapman v. Choicecare Long Island Term Disability Plan*, 2002 U.S. App. LEXIS 24460 (2d Cir. 2002)("Several times in prior opinions we have indicated that a plan is a proper defendant in an action to recover benefits under § 1132(a)(1)(B); *see e.g. Martin Wald & David E. Kenty, ERISA: A Comprehensive Guide § 7.5* (1991)("Employee benefit plans...are the

---

[1] It may be the case that Plaintiff needs to amend her complaint again to include the named Plans, specifically naming each plan. However, those plan names are not readily ascertainable to Plaintiff, and thus, IBM, as the employer and sponsor of those plans has been named.

3

most frequent defendants in suits to recover benefits."). *Chapman* has most recently been embraced by another court within this Circuit. *See Amara v. CIGNA Corp.*, 534 F.Supp.2d 288 (D. Conn. 2008); *Fredericks v. Hartford Life Ins. Co.*, 488 F.Supp.2d 210 (N.D.N.Y. 20007)(holding dismissal not appropriate at this time where there was not sufficient information to determine exactly who the plan administrator was).

The second basis for relief that Plaintiff asserts against IBM is for appropriate equitable relief. In that regard, the Amended Complaint asserts as follows:

> 33. The Employee Retirement Income Security Act of 1974 ("ERISA") was enacted to protect the interests of employees in the administration of their employer's welfare benefit plans. In addition to conferring numerous rights upon plan participants, ERISA imposes duties upon the people and corporations who are responsible for the operation of such plans. By law, plan fiduciaries are required to discharge their duties prudently, diligently, and solely in the interest of the plan's beneficiaries, for the exclusive purpose of providing promised benefits.
>
> 34. ERISA requires every employee welfare benefit plan to provide for one or more named fiduciaries who will have "authority to control and manage the operation and administration of the Plan" [29 U.S.C. § 1102 (a)(1)]. Either by operation of law or through the implementation of ERISA plan documents, the employer of Plaintiff delegated its fiduciary responsibility for claims

administration to one or more of the named Defendants, either directly or indirectly.

35. Defendant Met Life and its agents has determined or participated in determining the eligibility of Plaintiff for disability benefits and/or had the discretionary authority or discretionary responsibility in the administration of Plaintiff's plan. Accordingly, at all relevant times herein, Defendant Met Life was and is a fiduciary pursuant to ERISA [29 U.S.C. § 1002 (21)].

36. Upon information and belief, Defendant Met Life's implementation and application of the foregoing offending claim's practices has caused and continues to cause harm to Plaintiff in violation of ERISA.

37. By virtue of the conduct described above, Defendant Met Life breached its fiduciary obligations to Plaintiff under ERISA [29 U.S.C. § 1104(a)] to discharge its duties "solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries . . . with the care, skill, prudence, and diligence . . . [of a] prudent man . . . and in accordance with the documents and instruments governing the plan . . . ."

38. By managing, operating and administering ERISA-governed plans in the manner described above, Defendant Met Life

has failed to exercise the care of an ordinary prudent person engaged in a similar activity under prevailing circumstances, all in violation of ERISA [29 U.S.C. § 1104(a)(1)(B)].

39. By the foregoing offending claims practices, Defendant Met Life failed to discharge its fiduciary duties in accordance with plan documents and ERISA's legislative scheme.

40. As a result of the breaches of fiduciary duty as described above, Plaintiff has been harmed and continues to be harmed.

41. As a participant in an ERISA-governed benefit plan, Plaintiff is entitled to appropriate equitable relief under ERISA [29 U.S.C. § 1132(a)(3)] to (a) obtain appropriate injunctive relief immediately stopping the offending and egregious practices that are causing ongoing harm to Plaintiff, and (b) redress the violations of §1104 set forth herein.

42. Plaintiff does not have an adequate remedy at law, inasmuch as any benefit action under ERISA 502(a)(1)(B) will result in having further claim determinations made by Defendant Met Life, who has previously demonstrated an inability to act as a neutral claim evaluator.

In the prayer for relief section of Plaintiff's Amended Complaint, Plaintiff requests as follows with respect to its Third Cause of Action:

  f)  Pursuant to ERISA 502(a)(3), Plaintiff shall be entitled to appropriate equitable relief, including the removal of Defendant Met Life as claims administrator, and the imposition upon Defendant IBM of substituting Defendant Met Life as claims administrator;

Thus, Plaintiff is also seeking to have Defendant IBM substitute Defendant Met Life as the claims administrator, due to its conduct, and the harm caused to Plaintiff by Met Life. In this regard, and contrary to the position advanced in Defendant's moving papers, Defendant IBM is the only proper party against whom such relief may be sought. (Def. Brief, at pp. 2-3).

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss must be denied.

Respectfully submitted,

FRANKEL & NEWFIELD, P.C.

By: _____
Jason A. Newfield (JN5529)
Justin C. Frankel (JF5983)
Frankel & Newfield, P.C.
Attorneys for Plaintiff
585 Stewart Avenue
Garden City, New York 11530
(516) 222-1600

7

## CERTIFICATE OF SERVICE

I, Justin C. Frankel, hereby certify that on April 25, 2008, Plaintiff's opposition to Defendant's motion to dismiss has been electronically filed and is available to be viewed and downloaded from the Court's Electronic Case Filing system. I further certify that the following party were served electronically and via first-class mail:

        Allan Marcus, Esq.
        LESTER SCHWAB KATZ & DWYER, LLP
        120 Broadway
        New York NY 10271
        (Fax) 212. 267.5916

        _____
        Justin C. Frankel (JF-5983)