IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CINDY HOGAN-CROSS,

                Plaintiff,

- against -

METROPOLITAN LIFE INSURANCE
COMPANY and INTERNATIONAL BUSINESS
SYSTEMS, CORP.

                Defendants.

---

08 CV 00012 (LAK)

**ECF**

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITON TO DEFENDANT'S MOTION FOR TRANSFER OF VENUE

FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 301
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff

Of Counsel:      Jason A. Newfield (JN-5529)
                      Justin C. Frankel (JF-5983)

## TABLE OF AUTHORITIES

Page

*Big Apple Pyrotechnics and Multimedia, Inc. v. Sparktacular, Inc.*,
2007 U.S. Dist. LEXIS 17163 (S.D.N.Y. 2007)..............................................2

*Caville v. Malibu Toys, Inc.*, 2004 U.S. Dist. LEXIS 12514 (S.D.N.Y. 2004)............3

*Cohn v. Met Life*, 2007 U.S. Dist. LEXIS 39161 (S.D.N.Y. 2007).......................2,3,4

*Hershman v. UnumProvident, Corp.*, 2007 U.S. Dist. LEXIS 30402
(S.D.N.Y. 2007)..................................................................................2,4

*Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 327
(E.D.N.Y. 2006).....................................................................................2

*Schecter v. Tauck Tours, Inc.*, 17 F.Supp.2d 255, 260 (S.D.N.Y. 1998)...................3

*Seitz v. Board of Trustees of the Pension Plan of the N.Y. State Teamster
Conf. Pension & Retirement Fund*, 953 F.Supp. 100, 102 (S.D.N.Y. 1997)...............3

*Varsic v. United States Dist. Court for Cent. Dist. of Cal.*, 607 F. 3d 245
(9th Cir. 1979)........................................................................................2

*Vartanian v. Monsanto Co.*, 880 F.Supp. 63, 73 (D. Mass. 1995).........................1

## FEDERAL STATUTES AND REGULATIONS

28 U.S.C. § 1404(a)..................................................................................2

ERISA, 29 U.S.C. § 1132(a)(1)(B)................................................................1

ERISA, 29 U.S.C. § 1132(e)(2)....................................................................1

## PRELIMINARY STATEMENT

Plaintiff Cindy Hogan-Cross ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendant's motion seeking to transfer venue of this action to the Northern District of Texas.

Plaintiff worked for International Business Machines, Corp. ("IBM") and as a benefit of her employment, she was a participant in the IBM disability plan, a welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"). On or about April 20, 2006, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled. After becoming disabled, Plaintiff applied for benefits and benefits were approved, but thereafter terminated. Plaintiff filed her administrative appeal, and was not successful in having Defendant Met Life overturn its prior claim determination. This lawsuit followed the exhaustion of Plaintiff's administrative remedies.

## ARGUMENT

### ERISA'S LIBERAL VENUE PROVISION SUPPORTS PLAINTIFF

Plaintiff's civil action brought pursuant to 29 U.S.C. § 1132(a)(1)(B) was commenced in the Southern District of New York. Venue of this action is predicated upon 29 U.S.C. § 1132(e)(2), which provides that an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." Defendant, in moving to transfer venue, must concede that the Plan is administered in the Southern District of New York, as Defendant IBM is located there. Moreover, Defendant Met Life is headquartered in the Southern District as well. ERISA's liberal venue provision was intended "to expand ERISA plaintiff's choice of forum and limit the forum choice of corporate fiduciaries." *Vartanian v. Monsanto Co.*, 880

1

F.Supp. 63, 73 (D. Mass. 1995); *Varsic v. United States Dist. Court for Cent. Dist. of Cal.*, 607 F. 3d 245 (9th Cir. 1979)(discussing Congressional intent in making ERISA venue provision broad).

Notwithstanding these facts, Defendants seek to transfer venue and have moved, pursuant to 28 U.S.C. § 1404(a), to move this action to the Northern District of Texas on the grounds that the action could have been commenced in that district, that the transfer would be for the convenience of the parties and the witnesses, and that the transfer would be in the interests of justice. However, as the moving party, Defendants carry the burden of proof. *Big Apple Pyrotechnics and Multimedia, Inc. v. Sparktacular, Inc.*, 2007 U.S. Dist. LEXIS 17163, *28 (S.D.N.Y. 2007)(holding that "Defendants who move for a change of venue must make 'a strong case for a transfer' and must prove by a preponderance of the evidence that a change of venue is warranted." (Citations omitted). Thus, in order to prevail on the motion, Defendants must demonstrate (1) that the action is one that might have been brought in the transferee forum; and (2) that the transfer promotes convenience and justice. *Hershman v. UnumProvident, Corp.*, 2007 U.S. Dist. LEXIS 30402 (S.D.N.Y. 2007)(quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 327 (E.D.N.Y. 2006).

While it is conceded that this action could have been commenced in the Northern District of Texas, Defendants cannot demonstrate with a preponderance of the evidence that transfer would promote convenience and justice. Moreover, these are the same arguments being made by Defendant Met Life as made in *Cohn v. Met Life*, 2007 U.S. Dist. LEXIS 39161 (S.D.N.Y. 2007)(denying motion to transfer venue and holding that Met Life failed to demonstrate the inconvenience of this Court, therefore upholding plaintiff's choice of venue of the ERISA disability claim). The same result must hold here, as the facts and circumstances are virtually indistinguishable, other than that in *Cohn*, the plan administrator was Citigroup and here the plan administrator is Defendant IBM.

2

## PLAINTIFF'S CHOICE OF FORUM IS ACCORDED SUBSTANTIAL DEFERENCE

Plaintiff's choice of forum should not be disturbed "unless the balance of factors weighs strongly in favor of transfer." *Cohn*, 2007 U.S. Dist. LEXIS 39161 at *6, quoting *Caville v. Malibu Toys, Inc.*, 2004 U.S. Dist. LEXIS 12514, *9 (S.D.N.Y. 2004); *see also Schecter v. Tauck Tours, Inc.*, 17 F.Supp.2d 255, 260 (S.D.N.Y. 1998). Thus, despite the fact that this is not Plaintiff's home state, she has chosen to litigate her ERISA disability claim in this forum, a choice which should not be altered under the facts presented.

Met Life, in its argument, concedes that Plaintiff's claim was administered in Utica, New York, within the Second Circuit, not the Northern District of Texas. *See Cohn*, 2007 U.S. Dist. LEXIS 39161 at *7 (finding Met Life's alleged breach occurred in Glastonbury, Connecticut, within the Second Circuit); *see also Seitz v. Board of Trustees of the Pension Plan of the N.Y. State Teamster Conf. Pension & Retirement Fund*, 953 F.Supp. 100, 102 (S.D.N.Y. 1997)(finding that alleged breach occurred in Utica, New York). Thus, venue is not simply proper on the sole basis that both Defendants, Met Life and IBM have their headquarters within the Southern District, as that factor alone would not assist Plaintiff's venue argument and might mitigate the deference typically afforded a plaintiff's choice of forum. However, given the fact that the claim handling which caused the alleged breach occurred within the Second Circuit (Utica, New York), coupled with the fact that Defendant IBM is the plan administrator against whom specific relief is requested, and that Defendant Met Life resides in this venue, the Southern District of New York is the proper venue of this action.

## DEFENDANTS FAIL TO SATISFY THEIR BURDEN FOR TRANSFER

As noted above, the burden is on Defendants, as the party seeking transfer of venue, to demonstrate that transfer promotes convenience and justice. *See Hershman v. UnumProvident, Corp.*, 2007 U.S. Dist. LEXIS 30402 (S.D.N.Y. 2007). Defendants fail to make such a showing, as they can do no more than point to the location of medical providers, located outside of New York. What is glaring in its absence but clear on its face is that Defendants will vehemently object to evidence beyond the administrative record being considered - thus mitigating the need for an examination of the location of witnesses or documents. Defendants will produce the administrative record, as they do in all ERISA disability cases, and object to any discovery, depositions or other efforts to produce evidence beyond the record. In this challenge of the wrongful denial of Plaintiff's claim, the examination will not be of the doctors, but of the manner in which the claim decision was reached. Thus, if any deposition(s) were to be conducted, these depositions would be of claim personnel, who are located in Utica, New York, closer to this District than to Texas. Accordingly, and as in *Cohn*, Defendants have failed to specify any witnesses who will be called; rather, bald assertions have been provided as to the potential inconvenience of witnesses if the case is not transferred. *Cohn*, 2007 U.S. Dist. LEXIS 39161, at *12-13.

Defendants also recycle their same arguments as made, and rejected in *Cohn* regarding calendar congestion, and compelling of witnesses, yet fail to learn from its fallible arguments made therein. *See Cohn*, 2007 U.S. Dist. LEXIS 39161, at * 15-16. At best, Defendants' efforts to transfer venue will act to "shift the inconvenience", rather than solve any such concern, and thus must be rejected.

## CONCLUSION

Based upon the foregoing, Defendant's motion to transfer venue must be denied.

                                              Respectfully submitted,

                                              FRANKEL & NEWFIELD, P.C.

By:    Jason A. Newfield (JN5529)
         Justin C. Frankel (JF-5983)
         Frankel & Newfield, P.C.
         Attorneys for Plaintiff
         585 Stewart Avenue
         Garden City, New York 11530
         (516) 222-1600

## CERTIFICATE OF SERVICE

I, Justin C. Frankel, hereby certify that on April 25, 2008, Plaintiff's opposition to Defendant's motion seeking to transfer venue has been electronically filed and is available to be viewed and downloaded from the Court's Electronic Case Filing system. I further certify that the following party were served electronically and via first-class mail:

Allan Marcus, Esq.
LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York NY 10271
(Fax) 212. 267.5916

_____
Justin C. Frankel (JF-5983)