UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CINDY HOGAN-CROSS,

Plaintiff,

-against-                                                   08 Civ. 0012 (LAK)

METROPOLITAN LIFE INSURANCE COMPANY, et ano.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

Plaintiff, a former employee of International Business Machines Corporation ("IBM"), initially brought this action against defendant Metropolitan Life Insurance Company ("MetLife") to recover disability benefits she claims are due her under a long term group disability income policy procured by IBM for the benefit of its employees. She subsequently amended the complaint to add IBM as a defendant. IBM moves to dismiss as to it.

The amended complaint makes two claims against IBM. The second cause of action asserts, on information and belief, that plaintiff was eligible for additional employee benefits through her IBM employment that are linked to her eligibility for disability benefits, presumably referring to disability benefits under the MetLife group policy. The third claims that MetLife's claims-handling practices violated its fiduciary obligations under ERISA and seeks, *inter alia,* a judgment removing MetLife as claims administrator.

The second cause of action fails to allege that plaintiff is entitled to any additional employee benefits payable by IBM or, for that matter, that she was been wronged by IBM in any way. Rather, she alleges only that she may be eligible for other benefits payable by someone if she turns out to be eligible for disability benefits under the MetLife policy. This cause therefore states no claim for relief against IBM.

It is difficult also to see any basis for plaintiff's joinder of IBM on the third claim for relief, the gravamen of which is that MetLife allegedly breached its fiduciary duties, save that IBM might have an interest in whether MetLife should be removed as the claims administrator of the long term disability plan. Here, however, IBM has had notice of the prayer for that relief as well as the

opportunity to participate in this action to protect its interest. By seeking dismissal, it has run the risk, indeed subjected itself to the likelihood, that a judgment rendered in its absence nevertheless will be binding upon it. *See, e.g., Bowser, Inc. v. United States,* 420 F.2d 1057, 1061 (Ct. Cl. 1970). Plaintiff will not be heard to assert her own view of IBM's interests in the face of IBM's contrary assessment.

Accordingly, the motion of defendant IBM to dismiss the complaint as to it [docket item 16] is granted. As it is not clear that plaintiff cannot state a claim against IBM, plaintiff is granted leave to amend for that purpose provided that any amended complaint is filed no later than May 5, 2008.

SO ORDERED.

Dated:        April 28, 2008

Lewis A. Kaplan
United States District Judge