LSK&D #: 564-8006 / 1022487
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CINDY HOGAN-CROSS,

                                                 **No. 08 CV 00012 (LAK)**
                        Plaintiff,

        -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

                        Defendant.
-----------------------------------------------------------------x


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE


Of Counsel:                                      Lester Schwab Katz & Dwyer, LLP
Allan M. Marcus                          120 Broadway
                                                 New York, New York 10271-0071
                                                 (212) 964-6611
                                                 Attorneys for Defendant

Defendant Metropolitan Life Insurance Company ("MetLife") respectfully submits its Reply Memorandum of Law in Further Support of its Motion to Transfer Venue.

## PRELIMINARY STATEMENT

Plaintiff concedes that this action is one which could have been brought in the Northern District of Texas, where plaintiff resides and defendant MetLife can be found. (See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Transfer of Venue (Pl. Mem."), p. 2.)

As a consequence, the question whether this action should be transferred depends on "the extent of deference due to plaintiff's choice of forum, the balance of convenience, and the interest of justice." Bryant v. Metropolitan Life Ins. Co., Slip Op. No. 04 CV 4406 (LAK) (S.D.N.Y. Nov. 1, 2004)[1], at 1.

## POINT ONE

### Plaintiff's Choice Of Forum Should Be Given Little Weight

As pointed out in MetLife's Opening Brief (see Memorandum of Law in support of Defendant's Motion to Transfer Venue ("Def. Mem." ), pp. 8-9), plaintiff's choice of forum should be accorded little deference because she does not reside in this District. See Bryant, slip. op. at 1. Nor did any of the events giving rise to this lawsuit take place in this District. (See Def. Mem. pp. 2, 6.) Where the "operative facts upon which the litigation is brought bear little material connection to the chosen forum," the plaintiff's

---

[1] A copy of this Court's Order granting motion to transfer venue in Bryant is attached hereto as Exhibit A.

1

choice of forum will be accorded less deference. <u>Ocean Walk Mall, LLC v. Kornitzer</u>, No. 01 CIV 213, 2001 WL 640847, at * 1 (S.D.N.Y. June 11, 2001).

Plaintiff asserts that IBM, her employer and Long-Term Disability Plan sponsor and Plan Administrator, is allegedly headquartered in the District. (<u>See</u> Pl. Mem. p. 1.) After MetLife first moved to transfer venue, plaintiff filed an Amended Complaint which, for the first time, named IBM as a defendant. The Court, however, dismissed IBM from this case because the Amended Complaint failed to state any claim against IBM. (<u>See</u> Order dated April 28, 2008.) Plaintiff has failed to show that any action by IBM was relevant to the adjudication of her benefits claim. Indeed, plaintiff's unsuccessful attempt to add IBM as a defendant appears to have been merely a ploy to bolster her argument opposing MetLife's motion to transfer venue.[2]

There is no reason for plaintiff to have chosen this forum over the Northern District of Texas except to gain some legal or procedural advantage. While ERISA law is nationwide, the Circuits do not always agree on significant aspects of ERISA, such as the extent of permissible discovery or the applicable standard of judicial review. Where the choice of forum appears to have been motivated by forum shopping, plaintiff's choice of forum will command less deference. <u>See</u>, <u>e.g.</u>, <u>Irragori v. United Tech. Corp.</u>, 174 F.3d 65, 71-72 (2d Cir. 2001).

---

[2] In dismissing IBM, this Court gave plaintiff leave to amend her complaint a second time. Plaintiff has not done so.

2

## POINT TWO

### The Balance Of Convenience Strongly Favors Transfer

As pointed out in MetLife's Opening Brief (at pp. 2, 6-7), and unrefuted by plaintiff, the events giving rise to plaintiff's claim all took place outside of this District. Therefore, this Court should come to the same conclusion it came to in the analogous Bryant case, that the "balance of convenience strongly favors transfer."[3] See Bryant, slip op., p. 2.

Plaintiff argues that the convenience of witnesses is not important in this case because it is MetLife's general position that discovery in an ERISA-plan benefits cases is limited to the administrative claim record. While MetLife does not deny that it generally opposes discovery beyond the administrative record, plaintiffs' attorneys (including plaintiff's attorneys here) have argued in other ERISA-plan benefits cases (sometimes successfully) that broader discovery is necessary. See, e.g., Asuncion v. Metropolitan Life Ins. Co., 493 F. Supp. 2d 16 (S.D.N.Y. 2007); Walker v. Metropolitan Life Ins. Co., No. 07 CV 6325 (WHP) (Notice of Deposition dated Dec. 6, 2007)[4]. None of the possible MetLife or other deponents is found in this District.

---

[3] Plaintiff cites Cohn v. Metropolitan Life Ins. Co., No. 07 CIV 0928 (HB), 2007 WL 1573874 (S.D.N.Y. May 31, 2007) as supporting her position opposing transfer. While this case bears similarities to Cohn, whether to transfer venue is a discretionary decision which could reasonably have been decided in favor of transfer. See, e.g., In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) (holding that motion for transfer of venue falls within broad discretion of the court and is determined upon notions of convenience and fairness on a case-by-case basis).

[4] A copy of the Notice of Deposition in Walker is attached hereto as Exhibit B.

Furthermore, the presence of the parties in ERISA cases are, as a rule, required at settlement conferences or court-sponsored mediations. Plaintiff, who brings this action based on a claim that she is disabled and unable to work, would be required to travel from Texas to New York City to attend. Even assuming that plaintiff is willing and able to do so, such travel increases the cost of litigation. There is at least a possibility that MetLife, not plaintiff, would be made liable for such costs. Under ERISA's fee-shifting provision, plaintiff would be entitled to seek reimbursement from MetLife if she were ultimately to prevail. MetLife, on the other hand, has representatives in Texas to attend court-mandated conferences and mediations, obviating the necessity for costly interstate travel.

## **CONCLUSION**

For the reasons discussed above and in MetLife's Opening Brief, the Court should grant Defendant's Motion to Transfer Venue.

Dated:    New York, New York
          May 16, 2008

                              Respectfully submitted,

                              LESTER SCHWAB KATZ & DWYER, LLP

                              _____
                              Allan M. Marcus (AM-9027)
                              120 Broadway
                              New York, New York 10271
                              (212) 964-6611
                              Attorneys for Defendant
                              Metropolitan Life Insurance Company

5

TO:

Justin C. Frankel, Esq. (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CHERAY BRYANT, et ano.,

                      Plaintiffs,

      -against-                                      04 Civ. 4406 (LAK)

METROPOLITAN LIFE INSURANCE COMPANY,

                      Defendant.
------------------------------------x

### ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant moves to transfer this action to the District of Maryland pursuant to 28 U.S.C. § 1404(a).

        It is undisputed that this action "might have been brought" in the proposed transferee district. In consequence, the question whether it should be transferred depends upon the extent of the deference due to plaintiffs' choice of forum, the balance of convenience, and the interest of justice.

*Plaintiffs' Choice of Forum*

        Plaintiff Korotynska resides in the District of Maryland. Her choice of this forum therefore is entitled to less weight than would be the case if she resided here. *E.g., Mitsui Sumitomo Ins. Co. v. Nippon Express U.S.A., Inc.*, No. 03 Civ. 5774 (LAK), 2003 U.S. Dist. LEXIS 15761, at *3-4 (S.D.N.Y. Sept. 10, 2003). And while plaintiff Bryant allegedly is a resident of New York State, there are two reasons why her choice of forum is entitled to diminished if, indeed, any weight.

        First, Ms. Bryant, according to the documents of record, appears to be a resident of the Eastern rather than the Southern District of New York. In consequence, she as is much of a stranger to this district as Ms. Korotynska.

        Second, this purported class action accuses the defendant exclusively of violations of ERISA and regulations thereunder. Plaintiff Bryant, however, appears to have been a participant of an employee benefit plan which is exempt from ERISA.

2

*Convenience*

The balance of convenience here strongly favors transfer. While the defendant does have its corporate headquarters in New York, its papers clearly demonstrate that plaintiffs' claims and, for that matter, claims in general are handled elsewhere. MetLife Disability, the defendant's disability insurance unit, employees 1,470 persons of which only two are located in the State of New York – and there is no evidence that either had anything to do with this case.

At bottom, plaintiffs have failed to demonstrate that any witnesses or documents pertinent to this case are in the Southern District of New York. Plaintiff Bryant appears to have no ERISA claim. Plaintiff Korotynski may have a claim, but in order to establish that her benefit claim was denied improperly, she will have to depend upon evidence of health care providers located principally in Maryland and in any case not in New York. Corporate employees likely to be knowledgeable about defendant's claims handling policies are substantially or entirely located outside this district.

Plaintiffs seek to avoid the conclusion suggested by the foregoing facts by claiming that the 100 mile limit on Rule 45 subpoenas would prevent them from subpoenaing defendant's New York corporate executives from Manhattan to a Maryland trial. But this contention is without merit. There has been no showing that any such personnel will be witnesses in this case. Moreover, corporate officers are subject to subpoena beyond the 100-mile limit. *See* Fed. R. Civ. P. 45 (c)(3)(A)(ii). Finally, it is questionable whether the distance limit on trial subpoenas is meaningful when applied to corporate employees of the defendant. The very strong odds are that any employee who is likely to have pertinent knowledge will be examined before trial. If the deposition is good for the plaintiffs, they doubtless will be happy to offer the deposition under Fed. R. Civ. P. 32(a). And if it is not good for the plaintiffs, it is unlikely that they would want to compel the witness to testify at trial – indeed, they probably would be hoping that the defendant would not produce the witness.

*Conclusion*

For the foregoing reasons, the motion to transfer this action to the District of Maryland is granted.

SO ORDERED.

Dated: November 1, 2004

Lewis A. Kaplan
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/04

EXHIBIT "B"

Jason Newfield (JN 5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANN WALKER, | |
| Plaintiff, | 07 CV 6325 (WHP) |
| - vs. - | |
| METROPOLITAN LIFE INSURANCE CO., | |
| Defendant. | |

---

### NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to 30(b)(6) of the Federal Rules of Civil Procedure, on January 25, 2008 at 10:00 a.m., at the office of FRANKEL & NEWFIELD, P.C., Plaintiff ANN WALKER will take the deposition upon oral examination of Defendant METROPOLITAN LIFE INSURANCE COMPANY, who shall designate one or more representatives to testify in regard to the following subject areas, which are known or reasonably available to the Defendant. For each subject area, the relevant time period is January 2005 to the present.

1. Knowledge of the financial implications of acceptance of liability of Plaintiff's claim for disability benefits, including an evaluation of any reserves that Defendant placed upon the claim;

2. Knowledge of Defendant's procedural administration of Plaintiff's claim for benefits, and subsequent termination of disability income benefits by Defendant, including the receipt and evaluation of records, whether medical, pharmaceutical, financial, vocational, factual, or legal;

3. Knowledge of Defendant's agreements, including the terms, meaning and/or import, whether oral or written, by and between Defendant and any third party involved in any manner with the administration of Plaintiff's claim for benefits, including but not limited to compensation to any third party for its role in administrating or processing the claim in this case.

4. Knowledge of statistics or data regarding claims paid, denied, and profitability of Defendant for the group long term disability benefits from the period 2005 to present.

5. Knowledge of Defendant's financial goals and forecasts from 2005 to present relating to its group long term disability benefits.

6. Knowledge of statistics or data regarding the number of group long term disability claims handled by the Defendant and/or any affiliated Third Party Administrator, and the percentage of claims paid, denied or terminated for the period from 2005 to present.

7. Knowledge of any employment contracts or financial relationships by and between Doctors utilized for purposes of reviewing Plaintiff's claim on behalf of Defendant or any Third Party Administrator and/or Defendant, whether Defendant engaged the Doctors directly or through a Third Party.

8. Knowledge of compensation or other financial implications which has any bearing on performance incentives by either the Defendant or any Third Party Administrator.

9. Knowledge of agreements and communications relating to agreements between Defendant and/or Third Party Administrator that were involved in any manner with the administration or processing of Plaintiff's claim.

10. Knowledge of Defendant's procedures and guidelines in connection with the processing, assessing, approving and denying of group disability claims for the time period 2005 to the present.

11. Knowledge of the procedures employed by Defendant to ensure that claim beneficiaries such as Plaintiff receive a full and fair review of their claims for disability benefits.

12. Knowledge of the procedures employed by Defendant to ensure that claim beneficiaries are not subjected to procedural irregularities or bias in the handling of their claim for disability benefits.

13. Knowledge of Defendant's efforts at compliance with 29 C.F.R § 2560.503-1 with respect to Plaintiff's claim.

14. Knowledge of whether Defendant's conflict of interest as claim payor and claim administrator influenced the claim determination of Plaintiff's claim.

15. Knowledge of the exact information considered in rendering the claim determination of Plaintiff's claim.

16. Knowledge of the completeness, accuracy and content of the claim file.

17. All facts or opinions bearing on the accuracy or inaccuracy of Defendant's responses to the allegations in the Complaint, and the identity of and/or content of all documents constituting or memorializing each such fact or opinion.

18. All facts or opinions bearing on the accuracy or inaccuracy of all Affirmative Defenses pled in Defendant's Amended Answer to the Complaint, and the identity of and/or content of all documents constituting or memorializing each such fact or opinion.

19. All facts or opinions bearing on the accuracy or inaccuracy of any part of any defendant's responses to any Request for Admission that is neither an unqualified admission nor an objection and the identity of and/or content of all documents constituting or memorializing each such fact or opinion.

Dated:  Garden City, New York
       December 6, 2007

By: _____
Jason Newfield (JN5529)
Frankel & Newfield, P.C.
585 Stewart Avenue, Suite 301
Garden City, New York  11530

Attorneys for Plaintiff

X:\Shared\Walker\30(b)(6)notice.wpd