# FRANKEL & NEWFIELD, P.C.

ATTORNEYS AT LAW

Justin C. Frankel*
Jason A. Newfield*

*Admitted in NY, CT and PA

585 Stewart Avenue
Suite 312
Garden City, NY 11530
Tel: (516) 222-1600
Fax: (516) 222-0513
www.frankelnewfield.com

June 24, 2008

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: Cindy Hogan-Cross v. Metropolitan Life Insurance Company et. al.
     U.S. D. Ct., S.D.N.Y. 08 Civ. 0012 (LAK)

Dear Judge Kaplan:

  We represent the Plaintiff, Cindy Hogan-Cross. Plaintiff respectfully submits this motion seeking to determine the sufficiency of Defendant's responses to Plaintiff's Request for Documents and Interrogatories. Plaintiff has also served notices to conduct depositions, including a Rule 30(b)(6) witness and an individual involved with the specific claim handling.

  Defendant has responded to Plaintiff's discovery demands and deposition notices by either objecting or referring to the previously produced claim file, but has not offered any additional documentation or response. By way of background, this is an action under ERISA § 502(a), seeking payment of denied benefits under a Plan issued by Defendant to Plaintiff's employer, IBM. Plaintiff is a beneficiary and claims entitlement to long term disability benefits under the Plan.

  The parties dispute the scope of permissible discovery in this action. Pursuant to Local Rule 37.2, the parties have engaged in an effort to resolve this dispute without success. For the reasons that follow, this Court should compel Defendant to provide further responses to discovery and should permit depositions. Plaintiff is entitled to discover evidence related to: (1) whether a conflict of interest influenced Defendant's adverse benefit determination[1], and (2) to determine the accuracy, content and completeness of the "administrative record."

**Conflict Discovery**

  Discovery as to Defendant's conflict of interest, and how it impacted the claim handling process is of paramount significance in this matter. In light of <u>Glenn</u>, development of evidence regarding how Defendant's conflict of interest impacted the claim determination is crucial to Plaintiff's prosecution of this action. This discovery would take the form of exploring whether there were claim handling procedural irregularities, whether there was claim handling inconsistency and whether Defendant's financial motivation affected the claim handling.

---

[1] The recent decision from the U.S. Supreme Court in <u>Met Life v. Glenn</u>, 554 U.S. ___ (June 19, 2008), offers additional support why discovery will impact Your Honor's ultimate determination.

FRANKEL & NEWFIELD, P.C.

Honorable Lewis A. Kaplan
June 24, 2008
Page 2

As stated by the Supreme Court in Glenn:

> Often the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket. We here decide that this dual role creates a conflict of interest; that a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend upon the circumstances of the particular case.

554 U.S. __ (2008).

We have always known that Met Life had a structural conflict, which, prior to Glenn, was insufficient to impact the review of the claim determination. Now, however, we are informed that this conflict, and its significance, "will depend upon the circumstances of the particular case." Id. Accordingly, discovery is crucial to better understand the circumstances of this particular case, and Met Life's claim handling.

As has been noted by several courts, however, palpable conflicts of interests are not always apparent on the face of the administrative record. See Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 107 (W.D.N.Y. 2000); Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 389 (3d. Cir. 2000)(finding "[d]irect evidence of a conflict is rarely likely to appear in any plan administrator's decision"). Plaintiff's right to develop conflict discovery is well supported by decisions throughout this Circuit. In Sheehan v. Metropolitan Life Ins. Co., 2002 W.L. 1424592 (S.D.N.Y.2002), the court concluded "[t]hat one of the proper subjects for discovery is whether MetLife had a conflict of interest when it terminated plaintiff's benefits." Id. at *4. See Samedy v. First UNUM Life Ins. Co., 2006 U.S. Dist. LEXIS 13375 (E.D.N.Y. 2006); Asuncion v. Met Life, 493 F. Supp.2d 716 (S.D.N.Y. 2007)(court directed both Rule 30(b)(6) deposition and claim handling deposition, compelled production of contract with medical consultant and compelled production of materials alleged to be attorney-client).

Plaintiff recognizes the argument repeatedly advanced by Defendant that some Second Circuit district courts have required a showing of good cause prior to securing discovery. Reittinger v. Verizon Communications, Inc., 2006 U.S. Dist. LEXIS 83293 (N.D.N.Y. 2006)(ordering depositions of decision makers, articulating a non-exhaustive list of 22 categories of potential discovery, and citing Sheehan v. Met Life, Harris v. Donnelly, 2000 U.S. Dist. LEXIS 17911 (S.D.N.Y. 2000), and Muller v. First Unum Life Ins. Co., 90 F.Supp.2d 204 (N.D.N.Y. 2000)). In Harris v. Donnelly, 2000 WL 1838308 (S.D.N.Y. 2000), the court held that plaintiff was entitled to discovery designed to uncover whether defendants' denial of her long term disability benefits was influenced by a conflict of interest.

Similarly, in Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94 (W.D.N.Y 2000), the court permitted discovery even where the insurer was vested with contractual discretion. In that

FRANKEL & NEWFIELD, P.C.

Honorable Lewis A. Kaplan
June 24, 2008
Page 3

case, the court opined that discovery of an issue "[g]oing to the existence of a conflict or economic influence based on the compensation plan of the Plan administrators could . . . [be] relevant to the proper standard of review." Id.  Thus, as with the above cases, conflict discovery is appropriate. Now, in light of Glenn, the need for discovery has been further underscored.

**Discovery to Determine Content and Completeness of the "Administrative Record"**

Plaintiff also seeks discovery to determine the exact nature of the information considered by the fiduciary in making the decision; whether the fiduciary was competent to evaluate the information in the administrative record; how the fiduciary reached its claim decision; and whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in providing a "full and fair review" of the claim.

Significantly, these areas of inquiry focus upon the procedure involved in the process and the scope of the review performed, rather than upon the merits of the action, and thus fully comport with a court deciding an action based upon the administrative record. In this way, the discovery sought will serve to assist the trier of fact in reviewing the propriety of the claim determination. Recent decisions from District Court judges in this Circuit serve to buttress Plaintiff's contentions. Palmiotti v. Met Life, 2005 U.S. Dist. LEXIS 3626 (S.D.N.Y. 2005), provided that a claimant, like Plaintiff in the instant matter, was entitled to receive withheld materials from the insurer, who forcefully objected to discovery like the instant Defendant. The court held that the adequacy of the insurer's procedures was relevant to whether the denial of the claim was arbitrary and capricious. See Allison v. UNUM Life Ins. Co. of Amer., 2005 U.S. Dist. LEXIS 3465 (E.D.N.Y. 2005).

In the event the Court determines, in its discretion, not to consider evidence beyond the claim file, this claim material assumes even further importance. Thus, Plaintiff must be allowed to conduct discovery to ensure its accuracy, content, and completeness. At the very least, Plaintiff must be allowed to ensure, through discovery, that Defendant's purported "administrative record" contains all "relevant" documents, records and other information. Under the governing regulations, 29 CFR 2560.503-1(m)(8)(I)-(iv), there are broad categories of "relevant" documents in disability claims. These categories include where a document:

(i) Was **relied upon** in making the benefit determination;
(ii) Was **submitted, considered, or generated** in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
(iii) **Demonstrates compliance** with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
(iv) In the case of a group health plan or a plan providing disability benefits, **constitutes a statement of policy or guidance** with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination. (Emphasis added).

FRANKEL & NEWFIELD, P.C.

Honorable Lewis A. Kaplan
June 24, 2008
Page 4

In Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94 (W.D.N.Y. 2000), an ERISA action, the court wholly rejected defendant's contention that discovery is limited to the administrative record in §1132(a)(1)(b) actions under the arbitrary and capricious standard. Id. at 103-04. In that procedurally similar case, the court reasoned that pretrial discovery is appropriate to "determine the actual parameters of the administrative record and whether or not the fiduciary acted arbitrarily and capriciously" Id. at 103. The Nagele court pointed out that in Miller v. United Welfare Fund, 72 F.3d 1066 (2d Cir. 1995), the Second Circuit "approved and relied upon, pretrial discovery in an ERISA case challenging the denial of benefits pursuant to a plan under the arbitrary and capricious standard." Nagele 193 F.R.D. at 103. The Nagele court's determination that discovery was permitted in an ERISA benefits case to ensure the accuracy and completeness of the administrative record also found support by comparing the disparity between the greater procedural protections afforded to claimants in social security benefits actions, where the initial adverse benefit determination is rendered by a neutral governmental body, and the *de minimis* procedural protections urged by defendants where the initial adverse benefit determination is rendered by a "[p]rivate sector profit seeking organization." Nagele, 193 F.R.D. at 106.

In light of Glenn, it is clear that where a claim decision is made by a " financially conflicted" entity, discovery should be afforded to probe the basis for the adverse determination, and to probe the scope of review and analysis undertaken by the decision maker. Such evidence will have substantial relevance to determining whether Met Life abused its discretion in reaching its claim determination, and would assist Your Honor determining whether to uphold Defendant's denial of benefits.

Respectfully Submitted,

FRANKEL & NEWFIELD, P.C.

By: _____
Justin C. Frankel (JF5983)

JCF:jpm

cc:     Allan Marcus *via ECF and Facsimile*