# LESTER SCHWAB KATZ & DWYER, LLP

### 120 BROADWAY
### NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

**ALLAN M. MARCUS**
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

**NEW JERSEY OFFICE**
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

June 30, 2008

Via ECF and Hand Delivery

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

     **Re:**   **Hogan-Cross v. Metropolitan Life Ins. Co.**
          **No. 08 CV 00012 (LAK)**

Dear Judge Kaplan:

    My firm represents defendant Metropolitan Life Insurance Company ("MetLife") in the referenced matter. MetLife respectfully submits this letter in opposition to plaintiff's letter-motion to compel additional discovery beyond that already responded to by MetLife. For the reasons discussed below, plaintiff's motion to compel should be denied.

    To begin with, plaintiff mistakenly claims that MetLife has not offered any documentation beyond the previously-produced administrative claim file. (See Plaintiff's Letter-Motion ("Pl. Mot."), p. 1.) In fact, plaintiff fails to inform the Court that MetLife stated it would produce: (1) guidelines used to administer claims under the IBM Long-Term Disability ("LTD") Plan (the "Plan"), subject to a confidentiality order (see response to document request no. 7)[1]; and (2) the Curriculum Vitae of the independent physician consultants ("IPC") who evaluated plaintiff's medical records (see response to interrogatory no. 11).

    It is well-settled that, in an ERISA-plan benefits case where the arbitrary and capricious standard of review applies (as it does here), discovery is generally limited in scope to the production of the administrative claim file and governing plan documents. MetLife has already produced the administrative claim file and will produce the documents governing the Plan. (Notably, the claim file consists not only of correspondence, medical reports and other writings, but also of "diary notes," that is, contemporaneous records of telephone calls, internal meetings, and consultations between claims personnel and medical professionals (such as nurse consultants)). Courts have permitted discovery into determining whether the claim file is complete or clarifying the administrative record (such as explaining codes or abbreviations).

---

[1] MetLife's responses to plaintiff's interrogatories and requests for production (which includes plaintiff's interrogatories and document requests) are attached hereto as Exhibit A.

LESTER SCHWAB KATZ & DWYER, LLP

June 30, 2008
Page 2

Courts have also permitted, in certain factual circumstances, limited discovery into alleged conflict of interest on the part of the claims administrator. As set forth below, however, such circumstances are not present in this case. What MetLife maintains is not permissible or warranted are the broad, wide-ranging discovery inquiries, including depositions,[2] which plaintiff seeks under the guise of probing MetLife's alleged conflict of interest when there is no evidence in the administrative record of any actual conflict.

By way of background, this case concerns a claim for benefits under the IBM LTD Plan, an employee welfare benefit plan governed by ERISA, 29 U.S.C. §§ 1001, et seq. MetLife is the claims fiduciary for the Plan and also funds benefits under a policy of group insurance it issued to IBM. The Plan grants MetLife discretionary authority to interpret Plan terms and determine eligibility for benefits. When the Plan confers such discretionary authority on an administrator, the court reviews the administrator's claim decisions under a deferential arbitrary and capricious standard. Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995).

It is well-established law in the Circuit that, when the arbitrary and capricious standard of review applies, a district court may only consider the administrative record that was before the claim fiduciary at the time of its claim decision. See Miller v. United Welfare Fund, 72 F. 3d 1066, 1071 (2d Cir. 1995). In Miller, the Second Circuit explained that Congress intended that adjudication of ERISA-plan benefits claims be expeditious and efficient; to permit extensive and costly discovery beyond the administrative record defeats the Congressional mandate and a main purpose of ERISA. 72 F.3d at 1071.

The Second Circuit has held that district courts erred when they considered evidence outside of the administrative record. See, e.g., Zervos v. Verizon NY, Inc., 277 F. 3d 635, 646 (2d Cir. 2002) (holding that district court erred in considering testimony of insurer's experts that had not been before administrator at the time of its claim decision); Krizek v. Cigna Group Ins., 345 F. 3d 91, 99-100 (2d Cir. 2003) (vacating decision of district court which considered plaintiff's demeanor during testimony at trial in upholding denial of benefits). Thus, permitting discovery as to matters outside of the administrative record would not be reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Therefore, such discovery should not be permitted. See also Maida v. Life Ins. Co. of N.A., 549 F. Supp. 1087, 1091 (S.D.N.Y. 1997) (holding that employee challenging plan administrator's denial of benefits not entitled to depose claim adjuster where employee made no showing of how adjuster's testimony might be expected to raise material issues of fact).

---

[2] Plaintiff's deposition notices are attached hereto as Exhibit B.

LESTER SCHWAB KATZ & DWYER, LLP

June 30, 2008
Page 3

## DISCOVERY DISPUTES

Plaintiff seeks further discovery into (1) whether a conflict of interest influenced MetLife's claim determination; and (2) the "accuracy, content and completeness" of the administrative record. (See Pl. Mot., p. 1.)

### A.    Conflict-of-Interest Discovery

MetLife acknowledges that it both administers and insures Plan benefits. Such dual role is very common in the administration of welfare benefits plans, however, in this Circuit, the mere existence of such "structural" conflict of interest is not sufficient to establish "good cause" to expand the administrative record or convert the standard of review to de novo. Plaintiff has the burden of showing a "demonstrated conflict-of-interest", i.e., that the administrator was actually influenced by a conflict of interest in making its decision. See Krizek, 345 F. 3d at 97-98 (emphasis in original).

The recent U.S. Supreme Court case of Metropolitan Life Ins. Co. v. Glenn, ____ S. Ct. ___ (2008), merely reaffirmed its holding in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed a factor in determining whether there is an abuse of discretion."

Plaintiff proposes discovery into whether and how MetLife's purported conflict of interest impacted its claim determination: "exploring whether there were claim handling procedural irregularities, whether there was claims handling inconsistency and whether Defendant's financial motivation affected its claim handling." (Pl. Mot., p. 1) Plaintiff has failed, however, to identify any specific facts in the administrative record, such as procedural irregularities or inconsistencies, to support additional discovery, especially the taking of depositions. Rather, the areas of inquiry in plaintiff's discovery requests are mainly irrelevant to "exploring" conflict of interest. (See, e.g., number of IBM employees who applied for and received disability benefits (interrogatories 14 and 15); documents displaying statistics or number of disability income claims in litigation or disputed by Defendant (document request no. 14).) Plaintiff has failed to demonstrate, beyond mere speculation and conjecture, that the administrative record is inadequate for the purpose of identifying how a conflict of interest actually influenced MetLife's claim determination. See, e.g., Scannell v. Metropolitan Life Ins. Co., 2003 WL 22722954, at *4 (S.D.N.Y. Nov. 18, 2003) ("[Plaintiff] suggests that there is "good cause" because MetLife is both the insurer and claims administrator .... However, she has not introduced any evidence demonstrating that this alleged conflict of interest existed, nor has she indicated where in the administrative record such conflict is reflected."); Wagner v. First Union Life Ins. Co., 100 Fed. Appx. 862, 2004 WL 1303637, at *1, n. 1 (2d Cir. June 14, 2004) (upholding district court's denial of plaintiff's request to conduct discovery into effect of administrator's alleged conflict of interest because "good cause" not shown); Hobson v.

LESTER SCHWAB KATZ & DWYER, LLP

June 30, 2008
Page 4

Metropolitan Life Ins. Co., Slip op., No. 05 Civ. 7321 (S.D.N.Y. March 20, 2006) (denying plaintiff's request for depositions as unsupported by any evidence of conflict).[3]

In reality, judging from the topics of inquiry in plaintiff's deposition notices, plaintiff seeks open-ended depositions which are best described as unwarranted and impermissible "fishing expeditions." Therefore, plaintiff's request for conflict-of-interest discovery - - particularly depositions - - should be denied.

### B.    Discovery on Content and Completeness of Administrative Record

Plaintiff also seeks further discovery regarding the content and completeness of the administrative record, but the areas of inquiry she identifies can each be discerned from review of the administrative record itself. Thus, the "exact nature of the information considered by the fiduciary in making the decision," and "how the fiduciary reached its claim decision" (see Pl. Mot., p. 3) can both be determined from the claim file and, in particular, MetLife's claim decision letters. Whether MetLife needed to and in fact did seek "outside technical assistance" during its review of the claim (id.) is also reflected in the claim file.[4] Whether the fiduciary was "competent to evaluate the information" (id.) is not directed at establishing the completeness of the administrative record. Furthermore, plaintiff points to nothing in the administrative claim record to indicate that it is in any way inaccurate or incomplete. Therefore, further vague, expansive and costly discovery into the "content and completeness" of the administrative record should be denied.

Respectfully yours,

ALLAN M. MARCUS
Of Counsel

AMM:imr
cc: (by ECF, facsimile (w/o exhibits) and mail)

Justin C. Frankel, Esq. (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff
1040770

---

[3] A copy of the Hobson decision is attached hereto as Exhibit C.
[4] In fact, MetLife did seek the opinions of independent physician consultants in reaching its claim decision.

**EXHIBIT "A"**

**LSK&D #: 564-8006 / 1035629**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

CINDY HOGAN-CROSS,

                            Plaintiff,

                -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

                          Defendant.

---------------------------------------------------------------x

**No. 08 CV 00012**

**RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST
REQUEST FOR
PRODUCTION**

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Local Civil Rules 26. 2 and 26.3, Defendant Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, Lester Schwab Katz & Dwyer, LLP, states the following as its responses and objections to Plaintiff's First Request for Production.

**GENERAL OBJECTIONS**

       The following general objections apply to and are expressly made part of Defendant's specific responses, set forth below, to each request to produce documents.

       I.     Defendant generally objects to Plaintiff's First Request for the Production of Documents to the extent that it calls for the disclosure of the contents of any document or communication, or the production of any documents, that is protected by the attorney-client privilege, self-evaluative privilege or attorney work-product doctrine, or which is otherwise immune from discovery. Inadvertent identification or production of any such document or information shall not constitute a waiver of any privilege with respect to the subject matter thereto or the information contained therein, and shall not waive the right of Defendant to object to the use of any such document or the information contained therein during any subsequent proceeding.

1

II.     Defendant generally objects to Plaintiff's First Request for the Production of Documents to the extent that it seeks confidential and proprietary business and commercial information not generally publicly available.

III.    Defendant generally objects to plaintiff's instructions to the extent they do not comply with the Federal Rules of Civil Procedure or the Local Rules of this Court.

IV.     Defendant generally objects to Plaintiff's Request for the Production of Documents on the grounds that it seeks documents not relevant to the purpose and beyond the limited scope of discovery permitted in an ERISA-plan benefits case which is reviewable by the court under the arbitrary and capricious standard.

V.      Defendant generally objects to Plaintiff's Request for the Production of Documents to the extent it is vague, ambiguous, overbroad and/or unduly burdensome.

## SPECIFIC RESPONSES AND OBJECTIONS

### Document Request No. 1

All documents, including correspondence, written communications and notes of oral communications between the Insured and the Defendant, its successors, agents, servants and employees, whether contained within the claim file or outside of the claim file.

### Response to No. 1

MetLife objects to this request as overbroad and beyond the limited scope of permissible discovery in an ERISA-plan benefits case.  Without waiving its objections, MetLife will produce the administrative claim file for plaintiff's benefits claim.

### Document Request No. 2

Any and all documents, notes, recordings, message slips, correspondence, and memoranda relating to the Insured's claim for benefits, the processing and evaluation of the claim, and reasons for the termination of benefits, whether contained within the claim file or outside of the claim file.

2

**Response to No. 2**

See Response to No. 1 above.

**Document Request No. 3**

Any and all medical reports, test reports, notes of any medical personnel not contained within the claim file, their findings, and conclusions. This includes any and all communications with any and all third party(ies) regarding any and all IME's and medical reviews performed in connection with Plaintiff's claim.

**Response to No. 3**

See Response to No. 1 above.

**Document Request No. 4**

Any and all medical records, notes, test reports, findings and conclusions concerning the Insured, whether contained within the claim file or outside of the claim file.

**Response to No. 4**

See Response to No. 1 above.

**Document Request No. 5**

Any and all documents, notes, recordings, message slips, correspondence, and memoranda pertaining to telephone conversations between the Insured, her agents or representatives, and Defendant, its successors, agents, servants and employees regarding all matters involving the claim at issue, whether or not such material is contained in the claim file, whether contained within the claim file or outside of the claim file.

**Response to No. 5**

See Response to No. 1 above.

**Document Request No. 6**

All correspondence, written communications and notes of oral communications between Defendant and any other individuals and/or entities relating in any manner to the Insured, including but not limited to attorney communications whether in house legal department, or outside counsel.

(A)    If any such correspondence or notes of any communications or memos exist, and Defendant claims any type of privilege, a privilege log must be provided in compliance with the Local Rules.

LESTER SCHWAB KATZ & DWYER LLP   •   120 BROADWAY   •   NEW YORK, NY 10271-10071

**Response to No. 6**

<u>See</u> Response to No. 1 above.  In addition, MetLife objects to the production of any communications protected from disclosure by attorney-client privilege or other privilege doctrines.

**Document Request No. 7**

All documents including, but not limited to, memoranda, manuals, notices and correspondence generated and/or authored by the Defendant, its successors, agents, servants and employees pertaining to Defendant's procedures and guidelines in connection with the processing, assessing, approving and denying disability income claims for the time period 2005 to the present.

**Response to No. 7**

MetLife objects to this request as overbroad, vague, irrelevant to the issues in this case, and beyond the limited scope of permissible discovery in an ERISA-plan benefits case.  Without waiving its objections MetLife will produce, subject to an order of confidentiality, the guidelines used to administer claims under the IBM Long Term Disability Benefit Plan.

**Document Request No. 8**

For every agent, servant and/or employee who had any involvement whatsoever in the claim of the Insured, any documents within the possession, custody and control of each individual concerning training for their position, education and/or lectures and/or seminars attended by said individuals in connection with their employment with the Defendant or its successors or affiliated entities, and the resumes/CVs of all such individuals.

**Response to No. 8**

MetLife objects to this request as overbroad, vague, irrelevant to the issues in this case, and beyond the limited scope of permissible discovery in an ERISA-plan benefits case.

**Document Request No. 9**

All documents, notes, lesson plans, overhead projector films and other writings

4

prepared and/or utilized by any claim personnel, physician or health care professional regarding the medical conditions at issue in the instant action, including fibromyalgia, and migraine headaches.

**Response to No. 9**

See Response to No. 8 above.

**Document Request No. 10**

All documents, including notes, memorandums, correspondence and other writings, prepared by any agents, servants and/or employees of the Defendant in connection with meetings and/or discussions relating to the Insured, whether contained within the claim file or outside of the claim file.

**Response to No. 10**

See Response to No. 1 above.

**Document Request No. 11**

All documents prepared by, generated by and/or utilized in any manner by an investigative body, unit or department concerning the Insured, whether contained within the claim file or outside of the claim file.

**Response to No. 11**

See Response to No. 1 above.

**Document Request No. 12**

Any and all documents, including payroll information, computerized records, pay stubs, memoranda, e-mails, and other writings concerning the remuneration received by each agent, servant and/or employee of the Defendant or its successors involved in any manner in Insured's claim for the time period commencing in the year the claim began to and including the year in which any and all adverse benefit determinations were made on Plaintiff's claim.

**Response to No. 12**

See Response to No. 8 above.

**Document Request No. 13**

Documents including, but not limited to, financial reports of Defendant and its successors demonstrating the assets, liabilities, profits and losses for the years 2005 through the year in which any and all adverse benefit determinations were made on Plaintiff's claim.

5

**Response to No. 13**

 <u>See</u> Response to No. 8 above.

**Document Request No. 14**

 Documents displaying statistics and or number of disability income claims in litigation or disputed by Defendant for the period 2005 through and including the year in which any adverse benefit determinations were made on Plaintiff's claim.

**Response to No. 14**

 <u>See</u> Response to No. 8 above.

**Document Request No. 15**

 All documents that evidence, reflect, record or refer to any service agreement with any third party(ies) concerning any and all of the IME or medical consultant reviews performed.

**Response to No. 15**

 <u>See</u> Response to No. 8 above.

**Document Request No. 16**

 Any and all documents that evidence, reflect, record or refer to estimates and/or calculations and/or projections of the cost of Plaintiff's claims, or to the amount or calculation of reserves on Plaintiff's claim.

**Response to No. 16**

 <u>See</u> Response to No. 8 above.

**Document Request No. 17**

 All documentation reflecting or establishing any grant of discretionary authority from the Plan Sponsor to Defendant was discussed [sic], or how the language delegating discretion upon Defendant came to be included in the subject policy.

**Response to No. 17**

 MetLife objects to this request as overbroad and irrelevant to the issues in this case. Without waiving its objections, MetLife will produce the plan documents containing the Plan's grant of discretionary authority to MetLife.

6

**Document Request No. 18**

A full and complete copy of the MetLife long term disability policy.

**Response to No. 18**

MetLife objects to this request as overbroad and vague.

**Document Request No. 19**

A full and accurate copy of any computation sheets or other calculation materials reflecting the amount of benefits to which the Plaintiff would be entitled had the Plaintiff been approved for benefits.

**Response to No. 19**

MetLife objects to this request as irrelevant to the issues in this case.

**Document Request No. 20**

Copies of each and every portion of the U.S. Department of Labor's Dictionary of Occupational Titles (D.O.T.) utilized at any time during the pendency of Plaintiff's claim of long term disability benefits.

**Response to No. 20**

MetLife objects to this request as overbroad and vague.  Without waiving its objections, MetLife will produce the administrative claim file for plaintiff's claim.

**Document Request No. 21**

Copies of any and all claim procedures manuals, training guidelines and instructive memoranda regarding the processing of long term disability benefits.

**Response to No. 21**

See response to No. 7 above.

**Document Request No. 22**

Any profitability analysis regarding the disability coverage for Squire Sanders employees since January 1, 2004.

**Response to No. 22**

MetLife objects to this request as irrelevant to plaintiff's claim.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

**Document Request No. 23**

Any cash flow analysis performed regarding the disability coverage for Purdue employees including interest rate projections, investment income, premium amount charged, profit and loss statements.

**Response to No. 23**

See response to No. 22 above.

**Document Request No. 24**

1099 forms that show amounts paid by MetLife for the years 2002-2007 to any medical professionals, or their employers, who were involved in this claim.

**Response to No. 24**

See response to No. 8 above.

**Document Request No. 25**

The personnel or employment files for each MetLife employee who was involved in this claim.

**Response to No. 25**

See response to No. 8 above.

**Document Request No. 26**

The performance evaluations, performance reviews or performance evaluations for each MetLife employee who was involved in this claim for the years 2003-2007.

**Response to No. 26**

See response to No. 8 above.

**Document Request No. 27**

MetLife's written criteria or standards for employee compensation, bonuses and awards.

**Response to No. 27**

See response to No. 8 above.

8

**Document Request No. 28**

Management reports showing liability acceptance rates for IBM employee disability claims for the years 2003-2007.

**Response to No. 28**

See response to No. 8 above.

**Document Request No. 29**

Management reports showing approval rates for IBM employee disability claims for the years 2003-2007.

**Response to No. 29**

See response to No. 8 above.

**Document Request No. 30**

Management reports showing the termination rates on the IBM employee disability claims for the years 2003-2007.

**Response to No. 30**

See response to No. 8 above.

Dated:    New York, New York
          June 18, 2008

                            Respectfully submitted,

                            LESTER SCHWAB KATZ & DWYER, LLP

                            _____
                            Allan M. Marcus (AM-9027)
                            120 Broadway
                            New York, New York  10271
                            (212)  964-6611
                            Attorneys for Defendant
                            Metropolitan Life Insurance Company

TO:

Justin C. Frankel, Esq. (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CINDY HOGAN-CROSS,

**No. 08 CV 00012**

                        Plaintiff,

          -against-

**RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST
REQUEST FOR
PRODUCTION**

METROPOLITAN LIFE INSURANCE
COMPANY and INTERNATIONAL BUSINESS
SYSTEMS CORP.,

                 Defendants.
------------------------------------------------------------------x

**LESTER SCHWAB KATZ & DWYER, LLP**

**ATTORNEYS FOR**   **Defendants
METROPOLITAN LIFE INSURANCE
COMPANY AND INTERNATIONAL
BUSINESS SYSTEMS CORP.**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916

**LSK&D #: 564-8006 / 1035474**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CINDY HOGAN-CROSS,

                        Plaintiff,

           -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

                      Defendant.
------------------------------------------------------------x

**No. 08 CV 00012 (LAK)**

**RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES**

      Defendant Metropolitan Life Insurance Company ("MetLife"), by its attorneys Lester Schwab Katz & Dwyer, LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3, states the following as its responses and objections to Plaintiff's First Set of Interrogatories:

## GENERAL OBJECTIONS

      The following general objections apply to and are expressly made part of Defendant's specific responses set forth below:

      1.    Defendant generally objects to Plaintiff's First Set of Interrogatories to the extent that they seek the disclosure of information beyond the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of the Court. This objection includes, but is not limited to, the extent to which the Interrogatories exceed the scope of permissible discovery by requesting Defendant to "identify" persons beyond the definitions in Local Rule 26.3(c)(3).

      2.    Defendant objects to Plaintiff's First Set of Interrogatories to the extent that they require the disclosure of information that is protected by attorney-client

1

privilege, attorney work-product privilege, attorney self-evaluative privilege, or which is otherwise immune from discovery. To the extent that any information properly the subject of such a privilege is inadvertently disclosed in response to the interrogatories, such disclosure is not to be construed as a waiver of such privilege.

3.     Defendant objects to Plaintiff's First Set of Interrogatories to the extent they seek information exceeding the limited scope of discovery permitted in a litigation involving a claim for ERISA-plan benefits reviewable by the court under the arbitrary and capricious standard.

4.     Defendant objects to Plaintiff's First Set of Interrogatories to the extent they seek information not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

5.     Defendant objects to Plaintiff's First Set of Interrogatories to the extent they are vague, ambiguous, overly broad or unduly burdensome.

6.     Defendant reserves the right to supplement and/or amend its responses to Plaintiff's First Set of Interrogatories should further information become available.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### Interrogatory No. 1:

Please state the name, address, position and employer of the individual completing these interrogatories and the name, address, position, employer, and role of each and every individual who processed, analyzed, or investigated Plaintiff's long term disability claim on behalf of the Defendant at any time.

### Response to Interrogatory No. 1:

MetLife objects to this Interrogatory on the basis that it may require disclosure of information protected by attorney-client privilege. MetLife further objects to this

2

Interrogatory on the basis that it is vague, overly broad and burdensome. Without waiving its objections, MetLife states that the names of MetLife employees who were involved in adjudicating plaintiff's claim are found in the administrative claim file which has been produced. The individual verifying these Interrogatory Responses is Margaret Calderon who is employed by MetLife as a Litigation Specialist.

**Interrogatory No. 2:**

Please state the specific basis upon which the Plaintiff's claim for long term disability insurance benefits was denied/terminated, and if the basis is that the Plaintiff did not meet the policy definition of disabled, please articulate exactly why the Plaintiff did not meet such definition. In your answer, please do not simply refer to the "Claim File."

**Response to Interrogatory No. 2:**

MetLife states that the review of a denial of employee welfare benefits under an ERISA-regulated plan is limited to review of the administrative claim file. In response to this Interrogatory MetLife states that the reasons for the denial of plaintiff's claim are found in the administrative claim file that has been produced. In particular, please see MetLife's letters dated August 3, 2007 and November 6, 2006.

**Interrogatory No. 3:**

Please state where, when and how the basis for your company's denial/termination of benefits (as articulated above in the answer to Interrogatory #2) was communicated to the Plaintiff.

**Response to Interrogatory No. 3:**

See response to No. 2 above.

**Interrogatory No. 4:**

With regard to Plaintiff and Plaintiff's claim, please state the name, address, position/job title, employer and phone number of any doctor, nurse, vocational

rehabilitation/occupational counsel and/or any other health or vocational professional (other than the Plaintiff's treating physicians) who rendered a report or opinion to Defendant, examined records for the Defendant, or examined Plaintiff for the Defendant at any time.

**Response to Interrogatory No. 4:**

The names of the independent physician consultants, independent examining physicians, and MetLife nurse consultants, who reviewed and evaluated the medical records for plaintiff's claim or who examined plaintiff, are found in the administrative claim file, which has been produced.

**Interrogatory No. 5:**

For any individual or entity listed in response to Interrogatory #4, identify how that person or entity was compensated and the exact amount of compensation for their work on this claim.

**Response to Interrogatory No. 5:**

MetLife objects to this interrogatory as irrelevant to the issues in this case and beyond the limited scope of permissible discovery in an ERISA-plan benefits case.

**Interrogatory No. 6:**

For any individual or entity listed in response to Interrogatory #4, identify how much MetLife has paid to this person or entity for the years 2002-2007 for each year.

**Response to Interrogatory No. 6:**

See response to No. 5 above.

**Interrogatory No. 7:**

For any individual or entity listed in response to Interrogatory #4, identify the number of claims reviewed by this entity or person for Met Life during the years 2002-2007.

**Response to Interrogatory No. 7:**

See response to No. 5 above.

4

**Interrogatory No. 8:**

For any individual or entity listed in response to Interrogatory #4, identify the number of claims that the individual or entity reviewed in which they found the claimant not disabled for the years 2002-2007.

**Response to Interrogatory No. 8:**

See response to No. 5 above.

**Interrogatory No. 9:**

For the number of claims reviewed by the individuals or entities identified in Interrogatory #4, as requested in Interrogatory #7, provide the number of those claims denied by Met Life.

**Response to Interrogatory No. 9:**

See response to No. 5 above.

**Interrogatory No. 10:**

Please state the manner in which premiums were paid for the Plaintiff's long term disability insurance coverage and the amount of the premium paid by the Plaintiff.

**Response to Interrogatory No. 10:**

See response to No. 5 above. Without waiving its objections, MetLife states that that the information responsive to this Interrogatory is contained in the IBM LTD Plan's plan documents that will be produced. MetLife further states that the amount of premiums paid by Plaintiff is within her knowledge.

**Interrogatory No. 11:**

Please state the name, address and professional qualifications of all persons who provided written interpretations or summaries of medical records used to support the denial of this claim.

**Response to Interrogatory No. 11:**

See response to No. 5 above. Without waiving its objections, MetLife will produce the CVs for the independent physician consultants who evaluated plaintiff's file.

5

**Interrogatory No. 12**:

Please identify the language of the policy at issue which you contend identifies the specific proof required to establish a claim for disability benefits.

**Response to Interrogatory No. 12:**

In response to this Interrogatory MetLife states that the requirements to establish a claim for LTD benefits is determined by MetLife pursuant to the terms of the Plan. The Plan terms are contained in the Plan documents that will be produced.

**Interrogatory No. 13**:

Please state the amount of monthly benefits - on a month-to-month basis - to which Plaintiff would be entitled if Plaintiff prevails in this action.

**Response to Interrogatory No. 13:**

MetLife objects to this interrogatory as irrelevant to the issue in this case. Without waiving its objections, MetLife states that, if plaintiff were found to be eligible for LTD benefits, the monthly amount of benefits would be $4,747.24 (without applicable offsets).

**Interrogatory No. 14**:

Please provide the number of IBM employees who have received disability benefits from Met Life since January 1, 2004.

**Response to Interrogatory No. 14:**

MetLife objects to this interrogatory as overbroad, vague, irrelevant to the issues in this case and beyond the narrow scope of permissible discovery in an ERISA-plan benefits case.

**Interrogatory No. 15**:

Please provide the number of IBM employees who have applied for disability benefits since January 1, 2004.

**Response to Interrogatory No. 15:**

    <u>See</u> response to No. 14 above.

**Interrogatory No. 16**:

    Please provide the number of IBM employees who have received disability benefits from Met Life which benefits have been denied or terminated since January 1, 2004.

**Response to Interrogatory No. 16:**

    <u>See</u> response to No. 14 above.

**Interrogatory No. 17**:

    Identify how the individuals identified in Interrogatory #1 are compensated and the amount of that compensation.

**Response to Interrogatory No. 17:**

    <u>See</u> response to No. 14 above.

**Interrogatory No. 18**:

    Identify the grounds for performance evaluation, promotion, demotion and/or layoff/termination decisions with respect to any individual or entity identified in Interrogatory #1.

**Response to Interrogatory No. 18:**

    <u>See</u> response to No. 14 above.

**Interrogatory No. 19**:

    Identify the individuals who were involved or participated in any manner in Plaintiff s claim for disability benefits and subsequent termination of disability income benefits by Defendant including, but not limited to, each and every claim adjuster, claim supervisor, claim manager, claim committee person, members of SIU, legal counsel (whether in house or outside counsel),vocational personnel, non-parties and employees, agents and/or servants of the Defendant, whether or not such individuals are identified within the claim file, including any supervisors or any of the claim adjusters that handled this claim. By involved, this interrogatory seeks identification of any person who reviewed any materials, discussed the claim in any manner, or otherwise played a role in the handling of the claim.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

In responding to this interrogatory, Defendant should provide the last known address of the designated individual and whether he or she is employed by or under the control of the Defendant.

In responding to this interrogatory, please identify whether any person identified above had an employment agreement, independent contractor agreement, or any other type of compensation agreement that was in writing.

**Response to Interrogatory No. 19:**

MetLife objects to this interrogatory as overbroad and vague. Without waiving its objections, MetLife states that the names of individuals "involved or participated" in handling plaintiff's claim are found in the administrative claim file which has been produced.

**Interrogatory No. 20:**

Specifically identify each document upon which Defendant relied, utilized or generated in reviewing, handling, denying or terminating disability benefits to Plaintiff under the policy, whether or not such documents are in the claim file.

**Response to Interrogatory No. 20:**

MetLife states that all such documents may be found in the administrative claim file which has been produced.

**Interrogatory No. 21:**

Identify any and all medical professionals, including, but not limited to, nurses, physical therapists and medical doctors who participated in any way in the Plaintiffs claim for disability benefits under the subject policy and subsequent denial or termination of disability benefits by Defendant under the subject policy, whether or not any such individual is identified in the claim file. In response to this interrogatory, provide the last known addresses of each individual and whether he or she is employed by or under the control of Defendant.

**Response to Interrogatory No. 21:**

The names of the medical professionals who reviewed or evaluated plaintiff's claim are found in the administrative claim file which has been produced.

8

**Interrogatory No. 22:**

Identify any and all "Claims Personnel" of Met Life, with knowledge of any and all employee compensation structure provisions for claims handling personnel, including, but not limited to, bonuses, financial incentives, raises or promotions related to expected and/or forecasted savings or expected and/or forecasted profitability, and any and all other prerequisites, in connection with the evaluation and handling of disability insurance claims for the years during which Plaintiff's claim was pending through the year of any adverse benefit determinations on Plaintiffs claim.

**Response to Interrogatory No. 22:**

See response to No. 14 above.

**Interrogatory No. 23:**

Identify each and every computer database utilized by Defendant and any affiliated entity for the years during which Plaintiff's claim was pending, through and including the year in which any adverse benefit determination was made on Plaintiff's claim.

**Response to Interrogatory No. 23:**

See response to No. 14 above.

**Interrogatory No. 24:**

Identify the number of times Defendant utilized any and *every* physician consultant who reviewed Plaintiffs materials, identifying by year, for the years, 2003-2007 the number of reviews, and identifying the amount paid in totals to such physician consultant(s) or any third party on behalf of such consultant during the years 2003-2006

**Response to Interrogatory No. 24:**

See response to No. 14 above.

Dated:    New York, New York
          June 18, 2008

9

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

Allan M. Marcus (AM-9027)
120 Broadway
New York, New York  10271
(212)  964-6611
Attorneys for Defendants
Metropolitan Life Insurance Company and
International Business Systems Corp.

TO:

Justin C. Frankel, Esq. (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff

10

LSK&D #: 564-8006 / 1034446

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CINDY HOGAN-CROSS,

                                 Plaintiff,

                  -against-

METROPOLITAN LIFE INSURANCE
COMPANY,

                                Defendant.
-----------------------------------------------------------------X

No. 08 CV 00012 (LAK)


**VERIFICATION**

STATE OF ILLINOIS     )
                           )
COUNTY OF COOK     )

     Margaret Calderon, being duly sworn, deposes and states:

     I am employed as a Litigation Specialist by Metropolitan Life Insurance Company ("MetLife"), the defendant in the above-captioned action. I have read the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories and state that the same is true and correct to the best of my knowledge, information and belief.

                                       *Margaret A. Calderon*

Sworn to and subscribed before me
this _17th_ day of June, 2008

*Cindy S. Broadwater*
Notary Public

                                 "OFFICIAL SEAL"
                                 CINDY S. BROADWATER
                            NOTARY PUBLIC, STATE OF ILLINOIS
                        MY COMMISSION EXPIRES 12/30/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CINDY HOGAN-CROSS,

                               Plaintiff,

                -against-

METROPOLITAN LIFE INSURANCE
COMPANY and INTERNATIONAL BUSINESS
SYSTEMS CORP.,

                             Defendants.
-------------------------------------------------------------------x

**No. 08 CV 00012**

**RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES**

**LESTER SCHWAB KATZ & DWYER, LLP**

ATTORNEYS FOR     **Defendants
METROPOLITAN LIFE INSURANCE
COMPANY AND INTERNATIONAL
BUSINESS SYSTEMS CORP.**

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916

11

**EXHIBIT "B"**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

CINDY HOGAN-CROSS,                            :

                      Plaintiff,       :

        - against -                            :

METROPOLITAN LIFE INSURANCE        :
COMPANY,

               Defendants.       :

---------------------------------------------------------

08 CV 00012 (LAK)

**ECF**

**AMENDED NOTICE**

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to 30(b)(6) of the Federal Rules of Civil Procedure, on June 20, 2008, at 10:00 a.m., at the office of FRANKEL & NEWFIELD, P.C., Plaintiff CINDY HOGAN-CROSS will take the deposition upon oral examination of Defendant METROPOLITAN LIFE INSURANCE COMPANY ("Met Life"), who shall designate one or more representatives to testify in regard to the following subject areas, which are known or reasonably available to the Defendant. For each subject area, the relevant time period is January 2003 to the present.

    1.    Knowledge of the financial implications of acceptance of liability of Plaintiff's claim for disability benefits, including an evaluation of any reserves that Met Life placed upon the claim;

    2.    Knowledge of Met Life's procedural administration of Plaintiff's claim for benefits, and subsequent termination of disability income benefits by Met

Life, including the receipt and evaluation of records, whether medical, pharmaceutical, financial, vocational, factual, or legal;

3.    Knowledge of Met Life's agreements, including the terms, meaning and/or import, whether oral or written, by and between Met Life and any third party involved in any manner with the administration of Plaintiff's claim for benefits, including but not limited to compensation to any third party for its role in administrating or processing the claim in this case.

4.    Knowledge of statistics or data regarding claims paid, denied, and profitability of Met Life for the group long term disability benefits from the period 2003 to present.

5.    Knowledge of Met Life's financial goals and forecasts from 2003 to present relating to its group long term disability benefits.

6.    Knowledge of statistics or data regarding the number of group long term disability claims handled by the Met Life and/or any affiliated Third Party Administrator, and the percentage of claims paid, denied or terminated for the period from 2003 to present.

7.    Knowledge of any employment contracts between Doctors utilized for purposes of reviewing Plaintiff's claim on behalf of Met Life or any Third Party Administrator, whether Met Life engaged the Doctors directly or through a Third Party.

8.    Knowledge of compensation which has any bearing on performance incentives by either the Met Life or any Third Party Administrator.

9.     Knowledge of agreements and communications relating to agreements between Met Life and/or Third Party Administrator that were involved in any manner with the administration or processing of Plaintiff's claim.

10.    Knowledge of Met Life's procedures and guidelines in connection with the processing, assessing, approving and denying of group disability claims for the time period 2003 to the present.

11.    Knowledge of the procedures employed by Met Life to ensure that claim beneficiaries such as Plaintiff receive a full and fair review of their claims for disability benefits.

12.    Knowledge of the procedures employed by Met Life to ensure that claim beneficiaries are not subjected to procedural irregularities in the handling of their claim for disability benefits.

13.    Knowledge of Met Life's compliance with 29 C.F.R § 2560.503-1 with respect to Plaintiff's claim.

14.    Knowledge of whether Met Life's conflict of interest as claim payor and claim administrator influenced the claim determination of Plaintiff's claim.

15.    Knowledge of the exact information considered in rendering the claim determination of Plaintiff's claim.

16.    Knowledge of the completeness, accuracy and content of the claim file.

Dated: Garden City, New York
       May 30, 2008

By:     Justin C. Frankel
        Frankel & Newfield, P.C.
        585 Stewart Avenue, Suite 312
        Garden City, New York  11530

        Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I, Justin C. Frankel  hereby certify that on May 30, 2008 Plaintiff's Notice of Deposition

pursuant to FRCP 30(b)(6) was sent via facsimile & overnight mail to the counsel listed below:

Allan Marcus, Esq.
LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York, NY 10271

Justin C. Frankel (JF-5983)

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

CINDY HOGAN-CROSS,                          :

               Plaintiff,          :          08 CV 00012 (LAK)

                        :          **ECF**

      - against -                          :

METROPOLITAN LIFE INSURANCE          :          **AMENDED NOTICE**

COMPANY,                                    :

              Defendants.          :

-----------------------------------------------------------


## NOTICE OF DEPOSITION

     **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, on **June 19, 2008**, at 10:00 a.m., at the office of FRANKEL & NEWFIELD, P.C.,

Plaintiff BRUCE JONES will take the deposition upon oral examination of Sharon Muldrow at the

offices of Plaintiffs' attorneys, FRANKEL & NEWFIELD, P.C., 585 Stewart Avenue, Suite 312,

Garden City, New York 11530, beginning at 10:00a.m.  To the extent permitted by applicable rules,

the deposition may continue on subsequent dates to be scheduled later.

     This Notice of Deposition requires the appearance of the above-named deponent for the

entirety of the Deposition.  The deposition will be recorded by stenographic means.


Dated:  Garden City, New York
       May 30, 2008

By: /s/ Justin C. Frankel
       Justin C. Frankel
       Frankel & Newfield, P.C.
       585 Stewart Avenue, Suite L-50
       Garden City, New York  11530

       Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I, Justin C. Frankel hereby certify that on May 30, 2008, Plaintiff's Notice of Deposition was

sent via facsimile and overnight mail to the counsel listed below:

Allan Marcus, Esq.
LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York, NY 10271

Justin C. Frankel (JF-5983)

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK
------------------------------------------------------------X
YASMINE CLARKE,                             :

          Plaintiff,                    :

          - against -                     :                    **ORDER**

METROPOLITAN LIFE INSURANCE CO.,            :

          Defendant,                    :                    05 Civ. 7129 (AKH)
------------------------------------------------------------X
DEBORAH HOBSON,                             :

          Plaintiff,                    :

          - against -                     :                    05 Civ. 7321 (AKH)

METROPOLITAN LIFE INSURANCE CO.,            :

          Defendant,                    :
------------------------------------------------------------X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs filed the instant actions, alleging Defendant wrongfully terminated the

benefits paid to Plaintiffs under employee benefit plans governed by ERISA.  Plaintiff Clarke

filed a motion to compel production of discovery material relating to an alleged conflict of

interest between Defendant and medical providers.  Plaintiff Hobson filed a motion seeking de

novo standard of review, or, in the alternative, seeking discovery relating to a similarly alleged

conflict of interest.

        The plan in Plaintiff Hobson's case granted Defendant, as a fiduciary, broad

discretionary authority to determine eligibility.  The appropriate standard of review of

Defendant's denial of benefits is therefore "arbitrary and capricious standard."  See Firestone

Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Pagan v. NYNEX Pension Plan, 52 F.3d

438, 441 (2d Cir. 1995).

The only discovery appropriate at this juncture in both cases is that necessary to ensure that the administrative record for review is complete. That limited discovery can be completed by way of interrogatories and Rule 34 requests, without depositions. See Fed. R. Civ. P. 26(b)(1). No additional discovery related to the alleged conflicts of interest is appropriate unless Plaintiffs can demonstrate, beyond "speculation and conjecture" that the administrative record is inadequate for the purpose of establishing an actual conflict of interest. Krizek v. Cigna Group Ins., 345 F.3d 91, 99-100 (2d Cir. 2003).


SO ORDERED.
Dated:          New York, New York
                March 20, 2006

                                                  ALVIN K. HELLERSTEIN
                                                  United States District Judge