UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CINDY HOGAN-CROSS,

                Plaintiff,

          -against-                          08 Civ. 0012 (LAK)

METROPOLITAN LIFE INSURANCE
COMPANY, et ano.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      USDS SDNY
      DOCUMENT
      ELECTRONICALLY FILED
      DOC #: _____
      DATE FILED: 7/3/08

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff, a former IBM employee, brings this action against defendant Metropolitan Life Insurance Company ("MetLife"), the underwriter and administrator of IBM's group long term disability insurance policy, under ERISA to recover disability benefits. The matter is before the Court on plaintiff's motion to compel discovery.

        As is quite common in such actions, MetLife maintains that its termination of plaintiff's benefits must be upheld unless it was arbitrary and capricious and that the review of its actions is limited to its administrative claim file. Plaintiff, for her part, seeks *de novo* review and, in any case, seeks disclosure beyond the administrative claim file, particularly concerning the extent and effect, if any, of MetLife's structural conflict of interest, i.e., the conflict inherent in the fact that it both determined plaintiff's eligibility for benefits and had a financial interest in doing so.

        It is unnecessary at this point to decide whether review ultimately will be limited to the administrative record or, for that matter, its appropriate scope. Certainly MetLife's structural conflict of interest, if other good cause exists, would afford this Court discretion to consider evidence outside the administrative record. *E.g., Paese v. Hartford Life Accident Ins. Co.,* 449 F.3d 435, 441 (2d Cir. 2006). Moreover, regardless of whether review of the merits of the termination of benefits ultimately is confined to the administrative record, the question whether and to what extent the decision in plaintiff's case actually was affected by a conflict of interest – for example, whether an advisor's or the decision-maker's performance evaluations, compensation, and advancement prospects depended directly or indirectly on the termination of benefits – would be highly pertinent.

2

Accordingly, MetLife's position is essentially without merit.[1]

This is not to say that plaintiff is entitled to everything she seeks. Her demands are somewhat overbroad.

Accordingly, plaintiff's motion is granted to the following extent:

1.  Defendant shall produce, on or before July 28, 2008, the documents sought by Request Nos. 1 through 7, 10 through 11, 12 (limited to requested documents relating to persons involved in evaluating, advising upon, or determining plaintiff's eligibility for continued benefits), 14 through 16, 18, and 26 through 30.

2.  Defendant shall respond, on or before July 28, 2008, to Interrogatory Nos. 1, 3 through 9, 11, 14 through 19, 22, and 24.

3.  Defendant shall comply with plaintiff's notice of deposition insofar as it seeks testimony on subject areas listed in the notice and numbered 2 through 4, 6 through 11, 14 and 16.

SO ORDERED.

Dated:      July 3, 2008

                                          _____
                                                   Lewis A. Kaplan
                                             United States District Judge

---

[1] So too is its blunderbuss privilege objection to Document Request No. 6. Despite having been reminded by plaintiff's discovery requests that a privilege log must be produced in accordance with local rules in the event privilege was asserted (S.D.N.Y. Civ. R. 26.2), MetLife simply declined to respond on the ground of privilege and produced no log. It thereby waived any privilege to which it otherwise might have been entitled. *E.g., Morisseau v. DLA Piper,* No. 06 Civ. 13522(LAK), 2007 WL 4292030, at *2 (S.D.N.Y. Dec. 3, 2007); *In re Parmalat Secur. Litig.,* No. 04 MD 1653(LAK), 2005 WL 1529035, at *3 n. 21 (S.D.N.Y. June 28, 2005); *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.,* No. 96 Civ.2064(RWS), 1996 WL 668862, at *4 (S.D.N.Y. Nov. 19, 1996).