**LESTER SCHWAB KATZ & DWYER, LLP**
120 BROADWAY
NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX: (212) 267-5916

ALLAN M. MARCUS
Writer's Direct Dial: (212) 341-4241
E-Mail: amarcus@lskdnylaw.com

NEW JERSEY OFFICE
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

June 30, 2008

Via ECF and Hand Delivery

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **Hogan-Cross v. Metropolitan Life Ins. Co.**
     **No. 08 CV 00012 (LAK)**

Dear Judge Kaplan:

My firm represents defendant Metropolitan Life Insurance Company ("MetLife") in the referenced matter. MetLife respectfully submits this letter in opposition to plaintiff's letter-motion to compel additional discovery beyond that already responded to by MetLife. For the reasons discussed below, plaintiff's motion to compel should be denied.

To begin with, plaintiff mistakenly claims that MetLife has not offered any documentation beyond the previously-produced administrative claim file. (See Plaintiff's Letter-Motion ("Pl. Mot."), p. 1.) In fact, plaintiff fails to inform the Court that MetLife stated it would produce: (1) guidelines used to administer claims under the IBM Long-Term Disability ("LTD") Plan (the "Plan"), subject to a confidentiality order (see response to document request no. 7)[1]; and (2) the Curriculum Vitae of the independent physician consultants ("IPC") who evaluated plaintiff's medical records (see response to interrogatory no. 11).

It is well-settled that, in an ERISA-plan benefits case where the arbitrary and capricious standard of review applies (as it does here), discovery is generally limited in scope to the production of the administrative claim file and governing plan documents. MetLife has already produced the administrative claim file and will produce the documents governing the Plan. (Notably, the claim file consists not only of correspondence, medical reports and other writings, but also of "diary notes," that is, contemporaneous records of telephone calls, internal meetings, and consultations between claims personnel and medical professionals (such as nurse consultants)). Courts have permitted discovery into determining whether the claim file is complete or clarifying the administrative record (such as explaining codes or abbreviations).

---

[1] MetLife's responses to plaintiff's interrogatories and requests for production (which includes plaintiff's interrogatories and document requests) are attached hereto as Exhibit A.

LESTER SCHWAB KATZ & DWYER, LLP

June 30, 2008
Page 2

Courts have also permitted, in certain factual circumstances, limited discovery into alleged conflict of interest on the part of the claims administrator. As set forth below, however, such circumstances are not present in this case. What MetLife maintains is not permissible or warranted are the broad, wide-ranging discovery inquiries, including depositions,[2] which plaintiff seeks under the guise of probing MetLife's alleged conflict of interest when there is no evidence in the administrative record of any actual conflict.

By way of background, this case concerns a claim for benefits under the IBM LTD Plan, an employee welfare benefit plan governed by ERISA, 29 U.S.C. §§ 1001, et seq. MetLife is the claims fiduciary for the Plan and also funds benefits under a policy of group insurance it issued to IBM. The Plan grants MetLife discretionary authority to interpret Plan terms and determine eligibility for benefits. When the Plan confers such discretionary authority on an administrator, the court reviews the administrator's claim decisions under a deferential arbitrary and capricious standard. Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2d Cir. 1995).

It is well-established law in the Circuit that, when the arbitrary and capricious standard of review applies, a district court may only consider the administrative record that was before the claim fiduciary at the time of its claim decision. See Miller v. United Welfare Fund, 72 F. 3d 1066, 1071 (2d Cir. 1995). In Miller, the Second Circuit explained the Congress intended that adjudication of ERISA-plan benefits claims be expeditious and efficient; to permit extensive and costly discovery beyond the administrative record defeats the Congressional mandate and a main purpose of ERISA. 72 F.3d at 1071.

The Second Circuit has held that district courts erred when they considered evidence outside of the administrative record. See, e.g., Zervos v. Verizon NY, Inc., 277 F. 3d 635, 646 (2d Cir. 2002) (holding that district court erred in considering testimony of insurer's experts that had not been before administrator at the time of its claim decision); Krizek v. Cigna Group Ins., 345 F. 3d 91, 99-100 (2d Cir. 2003) (vacating decision of district court which considered plaintiff's demeanor during testimony at trial in upholding denial of benefits). Thus, permitting discovery as to matters outside of the administrative record would not be reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Therefore, such discovery should not be permitted. See also Maida v. Life Ins. Co. of N.A., 549 F. Supp. 1087, 1091 (S.D.N.Y. 1997) (holding that employee challenging plan administrator's denial of benefits not entitled to depose claim adjuster where employee made no showing of how adjuster's testimony might be expected to raise material issues of fact).

---

[2] Plaintiff's deposition notices are attached hereto as Exhibit B.

LESTER SCHWAB KATZ & DWYER, LLP

June 30, 2008
Page 3

## **DISCOVERY DISPUTES**

Plaintiff seeks further discovery into (1) whether a conflict of interest influenced MetLife's claim determination; and (2) the "accuracy, content and completeness" of the administrative record. (See Pl. Mot., p. 1.)

### A. Conflict-of-Interest Discovery

MetLife acknowledges that it both administers and insures Plan benefits. Such dual role is very common in the administration of welfare benefits plans, however, in this Circuit, the mere existence of such "structural" conflict of interest is not sufficient to establish "good cause" to expand the administrative record or convert the standard of review to de novo. Plaintiff has the burden of showing a "demonstrated conflict-of-interest", i.e., that the administrator was actually influenced by a conflict of interest in making its decision. See Krizek, 345 F. 3d at 97-98 (emphasis in original).

The recent U.S. Supreme Court case of Metropolitan Life Ins. Co. v. Glenn, ___ S. Ct. ___ (2008), merely reaffirmed its holding in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed a factor in determining whether there is an abuse of discretion."

Plaintiff proposes discovery into whether and how MetLife's purported conflict of interest impacted its claim determination: "exploring whether there were claim handling procedural irregularities, whether there was claims handling inconsistency and whether Defendant's financial motivation affected its claim handling." (Pl. Mot., p. 1) Plaintiff has failed, however, to identify any specific facts in the administrative record, such as procedural irregularities or inconsistencies, to support additional discovery, especially the taking of depositions. Rather, the areas of inquiry in plaintiff's discovery requests are mainly irrelevant to "exploring" conflict of interest. (See, e.g., number of IBM employees who applied for and received disability benefits (interrogatories 14 and 15); documents displaying statistics or number of disability income claims in litigation or disputed by Defendant (document request no. 14).) Plaintiff has failed to demonstrate, beyond mere speculation and conjecture, that the administrative record is inadequate for the purpose of identifying how a conflict of interest actually influenced MetLife's claim determination. See, e.g., Scannell v. Metropolitan Life Ins. Co., 2003 WL 22722954, at *4 (S.D.N.Y. Nov. 18, 2003) ("[Plaintiff] suggests that there is "good cause" because MetLife is both the insurer and claims administrator .... However, she has not introduced any evidence demonstrating that this alleged conflict of interest existed, nor has she indicated where in the administrative record such conflict is reflected."); Wagner v. First Union Life Ins. Co., 100 Fed. Appx. 862, 2004 WL 1303637, at *1, n. 1 (2d Cir. June 14, 2004) (upholding district court's denial of plaintiff's request to conduct discovery into effect of administrator's alleged conflict of interest because "good cause" not shown); Hobson v.

LESTER SCHWAB KATZ & DWYER, LLP

June 30, 2008
Page 4

Metropolitan Life Ins. Co., Slip op., No. 05 Civ. 7321 (S.D.N.Y. March 20, 2006) (denying plaintiff's request for depositions as unsupported by any evidence of conflict).[3]

In reality, judging from the topics of inquiry in plaintiff's deposition notices, plaintiff seeks open-ended depositions which are best described as unwarranted and impermissible "fishing expeditions." Therefore, plaintiff's request for conflict-of-interest discovery - - particularly depositions - - should be denied.

**B.  Discovery on Content and Completeness of Administrative Record**

Plaintiff also seeks further discovery regarding the content and completeness of the administrative record, but the areas of inquiry she identifies can each be discerned from review of the administrative record itself. Thus, the "exact nature of the information considered by the fiduciary in making the decision," and "how the fiduciary reached its claim decision" (see Pl. Mot., p. 3) can both be determined from the claim file and, in particular, MetLife's claim decision letters. Whether MetLife needed to and in fact did seek "outside technical assistance" during its review of the claim (id.) is also reflected in the claim file.[4] Whether the fiduciary was "competent to evaluate the information" (id.) is not directed at establishing the completeness of the administrative record. Furthermore, plaintiff points to nothing in the administrative claim record to indicate that it is in any way inaccurate or incomplete. Therefore, further vague, expansive and costly discovery into the "content and completeness" of the administrative record should be denied.

Respectfully yours,

ALLAN M. MARCUS
Of Counsel

AMM:imr
cc: (by ECF, facsimile (w/o exhibits) and mail)

Justin C. Frankel, Esq. (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue
Garden City, New York 11530
Attorneys for Plaintiff
1040770

---

[3] A copy of the Hobson decision is attached hereto as Exhibit C.
[4] In fact, MetLife did seek the opinions of independent physician consultants in reaching its claim decision.