IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CINDY HOGAN-CROSS, : 

                Plaintiff, :   08 CV 00012 (LAK)

: 

      - against - :   **ECF**

: 

METROPOLITAN LIFE INSURANCE :   **OPPOSITION TO MOTION FOR**
COMPANY, :   **RECONSIDERATION**

: 

                Defendants. :

---

FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 312
Garden City, New York 11530
(516) 222-1600
Attorneys for Plaintiff


Of Counsel:       Justin C. Frankel (JF-5983)
                      Jason A. Newfield (JN-5529)

## INTRODUCTION

Plaintiff Cindy Hogan-Cross respectfully submits this Memorandum of Law in opposition to the motion for reconsideration filed by Defendant Met Life, seeking to modify and overturn the July 3, 2008 Order concerning Plaintiff's motion to compel discovery.

Defendant's motion should be denied in its entirety, as upon review of the moving papers, it is readily apparent that Defendant is merely rehashing old arguments that were or could have been made in connection with the underlying motion to compel. Defendant simply seeks a second bite of the apple, and fails to demonstrate that Your Honor overlooked controlling law or factual matters. See Lichtenberg v. Besicorp Group Inc., 28 Fed. Appx. 73 (2d Cir. 2002), *citing* In re Houbigant, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996); Bokel v. NYPD Prop. Clerk Div., 2008 U.S. Dist. LEXIS 54081, *4 (E.D.N.Y. 2008). "A motion for reconsideration is not an opportunity for the moving party to argue those issues already considered when a party does not like the way the original motion was resolved." Id.

It is well settled that "reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Panther Partners, Inc. v. Ikanos Comm., Inc., 2008 U.S. Dist. LEXIS 45907 (S.D.N.Y. 2008), *citing* Parrish v. Sollecito, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003). It is apparent that Met Life is seeking to argue its case again, under the guise of facts that the District Court neglected to consider. This approach has been repeatedly rejected and is simply improper.

1

## MET LIFE'S HIRED DOCTORS' MATERIALS

In the Order, Your Honor held that the discovery sought and granted was "highly pertinent", and that Met Life's position "is essentially without merit". While Met Life apparently disagrees with the decision from Your Honor, there has been no controlling law cited by Met Life. In fact, Met Life cites case law from a Fourth Circuit district court, which incorporates a vastly different approach than the Second Circuit with respect to the issue of conflict of interest, and in any event, that decision pre-dates Met Life v. Glenn, 128 S.Ct. 2343 (2008). Thus, Abromitis v. Continental Cas. Co., 261 F.Supp.2d 388, 390 (W.D.N.C. 2003) has no value to the analysis. The fact that this is the one and only case that Met Life could find to support its argument is quite telling, particularly in the face of a multitude of authority reaching an opposite conclusion. See Jez v. Dow Chemical Corp., 402 F.Supp.2d 783 (S.D. Tex. 2005)(denying Met Life's protective order and motion to quash discovery efforts at third party vendor); Asuncion v. Met Life, 493 F.Supp.2d 716 (S.D.N.Y. 2007)(ordering production of contract between Met Life and medical consultant, and ordering production of attorney-client documents).

Met Life fails to demonstrate that Your Honor overlooked controlling law or factual matters, and thus, its motion for reconsideration must be denied.

## MET LIFE REPORTS FOR APPROVAL AND TERMINATION RATES

In essentially re-arguing its opposition to the motion to compel, on reconsideration, Met Life does not cite any authority for reconsideration. Met Life spent considerable efforts arguing these issues in the underlying motion, without success. On reconsideration, Met Life offers nothing further, but sour grapes.

2

In fact, Met Life's challenge to these series of discovery requests fails, and demonstrates the frivolity of its argument, as the controlling law serves to support the grant of discovery. <u>Met Life v. Glenn</u>, 128 S.Ct. 2343, 2351 (2008)(holding that a history of biased claim administration might lead a court to consider the conflict more important). Thus, Met Life's argument, predicated upon statistics and other claim reviews as not being pertinent must be rejected.[1]

## MET LIFE'S PERSONNEL EVALUATIONS

Once again, despite Your Honor specifically articulating that Met Life personnels' performance evaluations, compensation, and advancement prospects may have depended directly or indirectly on the termination of benefits would be highly pertinent, Met Life seeks to re-argue the issue - despite again failing to offer any controlling law (or any law indeed) to support its position.

Instead, Met Life seeks to limit the scope of personnel, and wants it to remain confidential. The impact of Met Life's bias, and the pervasive nature of such bias, permeates the culture of Met Life, and to limit the scope simply to those involved in the decisions, when those involved in the decisions rely upon work performed by others similarly tainted by bias or conflict would neuter Plaintiff's efforts.

Plaintiff would, however, agree to maintain confidentiality of all financial information regarding Met Life personnel, under an appropriate Order, but is concerned that Met Life will seek further delay (as it has repeatedly) in negotiating an Order and continuing to argue over the scope.

---

[1] In light of Met Life's waste of the Court's time and Plaintiff's time and expense, Plaintiff seeks permission to file an application for costs associated with responding to Met Life's motion for reconsideration.

3

## PRODUCTION OF ATTORNEY-CLIENT DOCUMENTATION

Met Life essentially urges that what Your Honor stated in the Order was subject to later revision. Your Honor's decision to order production of the attorney-client materials, predicated upon Met Life's complete disregard for its obligations under Local Rule 26.2, should not be altered.

Met Life has failed to offer controlling authority to overcome the reasoning behind Your Honor's decision. Instead, Met Life relies upon Five Borough Bicycle Club v. The City of New York, 2008 U.S. Dist. LEXIS 19781 (S.D.N.Y. 2008), which addressed the law enforcement privilege (not attorney-client), and was supported by a declaration from an officer regarding the potential impact of disclosure of such material. Relying upon this case, Met Life urges that its waiver of any privilege can be excused.

Here, in contrast we have no such concerns regarding disclosure of undercover officers, we have no declaration of substance submitted to support Met Life's argument, and in fact, we have cases that have addressed the substantive issues resolved favorably to Plaintiff. See Asuncion, *supra*. Met Life's lack of compliance with the Local Rules, its failure to even submit factual support on its motion for reconsideration and its lack of citation to controlling law renders its position devoid of merit.

## NO CONFIDENTIALITY SHOULD ATTACH TO MET LIFE'S PRODUCTION OF CLAIM HANDLING MATERIALS

On reconsideration, Met Life seeks to have Your Honor modify the Order to request confidentiality of the production of its claim handling guidelines, relying upon the fact that in other cases, agreements to maintain confidentiality were reached.

4

Plaintiff rejects this late effort to secure confidentiality, after having been put through the time and expense to repeatedly argue its entitlement to this material and other discovery. Substantively, Met Life has offered no authority for why such materials should be confidential. See Levy v. INA Life Ins. Co. of New York, 2006 U.S. Dist. LEXIS 83060 (S.D.N.Y. 2006)(rejecting the argument advanced by Met Life here regarding purported competitive injury). See also 29 CFR § 2560.503-1(g)(1), (h)(2), (i)(5), (j)(5) and (m)(8).

## CONCLUSION

On its motion to compel, Plaintiff made a sufficient showing to permit discovery on the areas where Your Honor ordered discovery. On reconsideration, Met Life has done nothing more than rehash its once rejected positions. Accordingly, Plaintiff respectfully requests that Your Honor deny the instant motion, and award costs associated with this application.

Respectfully submitted,

FRANKEL & NEWFIELD, P.C.

By: Justin C. Frankel (JF5983)
Jason A. Newfield (JN5529)

## CERTIFICATE OF SERVICE

I, Justin C. Frankel, hereby certify that on July 31, 2008, Plaintiff's Opposition to Defendant's Motion for Reconsideration has been electronically filed and is available to be viewed and downloaded from the Court's Electronic Case Filing system. I further certify that the following party were served via facsimile:

Allan Marcus, Esq.
LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York NY 10271
(Fax) 212. 267.5916

_____
Justin C. Frankel (JF-5983)