FRANKEL & NEWFIELD, P.C. ATTORNEYS AT LAW

MEMO ENDORSED

Justin C. Frankel*
Jason A. Newfield*
* Admitted in NY, CT and PA

585 Stewart Avenue
Suite 312
Garden City, NY 11530
Tel: (516) 222-1600
Fax: (516) 222-0513
www.frankelnewfield.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/08

August 11, 2008

AUG 12 2008

**VIA FEDERAL EXPRESS**

Honorable Lewis A. Kaplan
United States District Court
500 Pearl Street
New York, New York 10007-1312

Re: Cindy Hogan-Cross v. Metropolitan Life Insurance Company et. al.
U.S. D. Ct., S.D.N.Y. 08 Civ. 0012 (LAK)

Dear Judge Kaplan:

We are the attorneys for the Plaintiff, Cindy Hogan-Cross.

We are in receipt of Defendant's letter to Your Honor dated August 8, 2008, purporting to address the status of the action, and feel compelled to respond. Currently, pursuant to Your Honor's Order, Defendant has until August 13, 2008 to produce documents responsive to Plaintiff's discovery demands. The parties are further ordered to complete all discovery by August 22, 2008, including depositions, which have not been scheduled, despite substantial efforts on Plaintiff's behalf.

In Defendant's letter, counsel advises that by reinstating Plaintiff's claim for benefits, it does not have to comply with the current discovery Order. Defendant fails to advise the Court that Plaintiff's Amended Complaint contains a cause of action under section 502(a)(3) of ERISA seeking injunctive and equitable relief, which has not been impacted by Met Life's voluntary reinstatement of Plaintiff's claim for benefits.

Plaintiff's Amended Complaint seeking relief under 502(a)(3) alleges as follows:

33. The Employee Retirement Income Security Act of 1974 ("ERISA") was enacted to protect the interests of employees in the administration of their employer's welfare benefit plans. In addition to conferring numerous rights upon plan participants, ERISA imposes duties upon the people and corporations who are responsible for the operation of such plans. By law, plan fiduciaries are required to discharge their duties prudently, diligently, and solely in the interest of the plan's beneficiaries, for the exclusive purpose of providing promised benefits.


34. ERISA requires every employee welfare benefit plan to provide for one or more named fiduciaries who will have "authority to control and manage the operation and administration of the Plan" [29 U.S.C. § 1102 (a)(1)]. Either by operation of law or through the implementation of ERISA plan documents, the employer of Plaintiff delegated its fiduciary responsibility for claims administration to one or more of the named Defendants, either directly or indirectly.

35. Defendant Met Life and its agents has determined or participated in determining the eligibility of Plaintiff for disability benefits and/or had the discretionary authority or discretionary responsibility in the administration of Plaintiff's plan. Accordingly, at all relevant times herein, Defendant Met Life was and is a fiduciary pursuant to ERISA [29 U.S.C. § 1002 (21)].

36. Upon information and belief, Defendant Met Life's implementation and application of the foregoing offending claim's practices has caused and continues to cause harm to Plaintiff in violation of ERISA.

37. By virtue of the conduct described above, Defendant Met Life breached its fiduciary obligations to Plaintiff under ERISA [29 U.S.C. § 1104(a)] to discharge its duties "solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries . . . with the care, skill, prudence, and diligence . . . [of a] prudent man . . . and in accordance with the documents and instruments governing the plan . . . ."

38. By managing, operating and administering ERISA-governed plans in the manner described above, Defendant Met Life has failed to exercise the care of an ordinary prudent person engaged in a similar activity under prevailing circumstances, all in violation of ERISA [29 U.S.C. § 1104(a)(1)(B)].

39. By the foregoing offending claims practices, Defendant Met Life failed to discharge its fiduciary duties in accordance with plan documents and ERISA's legislative scheme.

40. As a result of the breaches of fiduciary duty as described above, Plaintiff has been harmed and continues to be harmed.

41. As a participant in an ERISA-governed benefit plan, Plaintiff is entitled to appropriate equitable relief under ERISA [29 U.S.C. § 1132(a)(3)] to (a) obtain appropriate injunctive relief immediately stopping the offending and egregious practices that are causing ongoing harm to Plaintiff, and (b) redress the violations of §1104 set forth herein.

42. Plaintiff does not have an adequate remedy at law, inasmuch as any benefit action under ERISA 502(a)(1)(B) will result in having further claim determinations made by Defendant Met Life, who has previously demonstrated an inability to act as a neutral claim evaluator.

FRANKEL & NEWFIELD, P.C.

Met Life's reinstatement of benefits was the result of it having the proverbial "gun" to its head and not the result of some reasoned decision. Such conduct actually serves to support Plaintiff's cause of action under 502(a)(3).

Accordingly, unless and until that cause of action is either resolved or dismissed, Defendant remains obligated to produce its responsive discovery by August 13, 2008. Toward that end, Plaintiff seeks an Order compelling Defendant to comply with the current Court discovery Order.

Respectfully Submitted,

FRANKEL & NEWFIELD, P.C.

By: [signature]
Justin C. Frankel (JF5983)

JCF:jpm

cc: Allan Marcus *via Federal Express*

Granted. Defendant is free to seek dismissal on grounds of mootness if it is so advised. In the meantime, it shall comply with its discovery obligations.

SO ORDERED

[signature]

LEWIS A. KAPLAN, USDJ

8/12/08