UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------x

CINDY HOGAN-CROSS,                                                         **Docket No. 08-CV-00012**

             Plaintiff,

    -against-

METROPOLITAN LIFE INSURANCE COMPANY,

             Defendant.

-------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF METLIFE'S MOTION FOR DISMISSAL OF PLAINTIFF'S THIRD CAUSE OF ACTION**

 

Metropolitan Life Insurance Company
Ariadne Staples
One MetLife Plaza
27-01 Queens Plaza North
Long Island City, NY  11101
(212) 578-3295

Defendant Metropolitan Life Insurance Company ("MetLife") respectfully submits this memorandum of law pursuant to this Court's order of August 12, 2008, and Federal Rule of Civil Procedure 12(b)(6) in support of its motion to dismiss Count 3 of Plaintiff's Amended Complaint as a matter of law.

**PRELIMINARY STATEMENT**

Plaintiff brought this action under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001-1461. Specifically, Plaintiff alleged a cause of action under 29 U.S.C. § 1132(a)(1)(B) to recover benefits under an ERISA-regulated employee welfare long term disability benefit plan. She subsequently amended her complaint to assert a second claim under 29 U.S.C. § 1132(a)(3). Following a protracted discovery dispute, this Court, on July 3, 2008, granted Plaintiff's motion to compel and on July 31, 2008, denied MetLife's motion for reconsideration. The extraordinary breadth of the discovery sought compelled MetLife, in keeping with its fiduciary obligation under ERISA (*see* 29 U.S.C. § 1104(a)(1)(A)(ii)) to make Plaintiff whole because it could not timely respond without incurring unreasonably excessive costs in a case that now appeared could not be successfully defended, even though MetLife believes that the Plaintiff's claim lacks merit and that its claims decision was supported by substantial medical and vocational information.

Faced with a discovery deadline of August 13, 2008, on August 8, 2008, MetLife informed Plaintiff and the Court of its decision to put the Plaintiff back in benefit, and informed the Court that because the controversy was resolved, the need for discovery was obviated. Attorney's fees negotiations were abruptly halted on August 12, 2008, when Plaintiff informed the Court that the litigation was not resolved because Plaintiff still intended to pursue her section 1132(a)(3) claim and sought an order compelling MetLife to comply with the current discovery order. That same day, the Court issued an order which, although granting Plaintiff's request, permitted MetLife to

2

seek dismissal, while complying with its discovery obligations in the meantime. By and through its in-house counsel, MetLife now promptly moves to dismiss Plaintiff's remaining claim as a matter of law.[1] Additionally, as discussed in the Certification of Ariadne Staples, dated August 13, 2008 (the Staples Dec."), MetLife respectfully requests that until the Court rules on this motion it should not be required to submit to discovery and issue an order regarding same, as there is a sound basis in fact and law supporting the dismissal of this entire litigation as more fully described below.

## ARGUMENT

### I.     Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) a court is required to accept all factual allegations in the complaint as true and draw inferences in the light most favorable to the plaintiff. *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). The issue on a motion to dismiss is not whether Plaintiff will ultimately prevail but whether she is entitled to offer evidence to support the claims. *See Desiano v. Warner-Lambert & Co.,* 2006 U.S. App. LEXIS 32377 (2d Cir. N.Y., Oct. 5, 2006).

### II.     The Remedy Plaintiff Seeks is Impermissible under ERISA

ERISA provides two causes of action for breach of fiduciary duty. The first, found at ERISA § 503(a)(2), 29 U.S.C. § 1132(a)(2), states that the claim is "for appropriate relief under section 1109 of this title." *Id.* Plaintiff brings her claim for breach of fiduciary duty under the second permissible action, found at ERISA § 503(a)(3), 29 U.S.C. § 1132(a)(3). *See* Amended Complaint at ¶¶ 32-42. That section provides:

> A civil action may be brought -- . . . by a participant . . .
> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such

---

[1] MetLife has requested that its outside counsel file a Motion to Withdraw. It is currently seeking other counsel.

>violations or (ii) to enforce any terms of this subchapter or the terms of the plan.

As described further below, this section has been described by the Supreme Court as the "catchall" in that it supplies a remedy where no other remedy exists under ERISA's remedial scheme. The remedy that Plaintiff seeks is the removal of the claim fiduciary from the plan. *Id*. at Wherefore Clause section f. Such remedy is unavailable under section 1132(a)(3) because it is expressly available under the first breach of fiduciary duty cause of action at § 1132(a)(2) through § 1109.

29 U.S.C § 1109 permits removal of a fiduciary for breaches of fiduciary duty. It states in pertinent part:

>Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries . . . shall be subject to equitable or remedial relief . . . including removal of such fiduciary.

29 U.S.C § 1109(a). The corresponding cause of action is provided by 29 U.S.C. § 1132(a)(2), *supra*.

In *Varity v Howe*, 516 U.S. 489 (1996), the Supreme Court analyzed section 1132 (a), ERISA's remedial provision. It pointed out that four of that section's six subsections (subsections 1, 2, 4 and 6) focus on specific areas, of which the second subsection, section 1132(a)(2) quoted above, focuses on fiduciary obligations related to the plan's financial integrity. *Id.* at 512. Thus, under the statutory scheme, removal of a fiduciary is permissible only where the breach of fiduciary duty affects the financial integrity of the plan itself. *See also LaRue v. DeWolff, Boberg and Associates, Inc*., 128 S. Ct. 1020, 169 L. Ed. 2d 847, 2008 (liability-creating provisions of § 409, 29 U.S.C § 1109, concern breaches of fiduciary duties that harm plans); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S. Ct. 3085, 87 L. Ed. 2d 96, 1985 (recovery for a violation of § 409, 29 U.S.C. § 1109 inures to the benefit of the plan as a whole).

The remaining two subsections of section 1132(a), (subsections 3, at issue here, and 5) are catchall provisions providing "appropriate equitable relief for injuries caused by violations that §

502 [29 U.S.C. § 1132] *does not elsewhere adequately remedy*." *Varity*, 516 U.S. at 513 (emphasis added). *Varity* held that the very subsection at issue here, 3, provided a cause of action for individual plaintiffs who would otherwise be without a remedy under ERISA. *Id* at 513.[2] In authorizing "appropriate" equitable relief in such cases, *Varity* cautioned that courts, in fashioning such relief should "keep in mind the special nature and purpose of employee benefit plans and respect the policy choices reflected in the inclusion of certain remedies and the exclusion of others." *Id.* at 515.

In *Varity*, the Supreme Court also addressed a concern voiced by *amici* that permitting an individual cause of action under 29 U.S.C. § 1132(a)(3) for breach of fiduciary duty along with a claim for benefits under 29 U.S.C. § 1132(a)(1)(B) would require a court to forego deference and hold the administrator to the rigid level of conduct expected of fiduciaries and as a consequence impose two incompatible legal standards for courts hearing benefit claim disputes. *Varity*, 516 U.S. at 513. The Court disagreed, pointing out, citing *Firestone*, that when the plan gives the administrator discretionary authority, court review must be deferential. *Id*. at 514-15; *see also Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. __, 128 S. Ct. 2343, 2348 (2008) ("Where the plan . . . [grants] the administrator or fiduciary *discretionary authority* to determine eligibility for benefits, trust principles make a *deferential standard* of review appropriate" (emphasis in original; citation omitted).[3] Both *Firestone* and *Glenn* cited section 187 of the Restatement of Trusts. Comment B of section 187 states that a court may control the exercise of a power by the trustee by directing him to

---

[2] In *Varity*, unlike plaintiff here, the plaintiffs could not proceed under section 503 (a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) because they were no longer plan participants and therefore could no longer receive benefits due them under the terms of the plan. *Id.* at 515.
[3] Here the Plan grants discretionary authority to MetLife. *See* Summary Plan Description ("SPD"), section 8.9.3 attached as "Exhibit E" to the Staples Decl.; and Certificate of Insurance, at the fourth unnumbered page following the heading "ERISA Information", attached as "Exhibit F" to the Staples Decl.

5

act or refrain from acting, by setting aside the transaction where he has already acted, or by holding him liable for the results of his action or non-action.[4]

The Second Circuit's jurisprudence on the remedies available under section 1132(a)(3) is no different. In *Devlin v. Empire Blue Cross and Blue Shield*, 274 F. 3d 76, 2001 (2d Cir. 2001), the court permitted the plaintiffs to proceed simultaneously under sections 1132(a)(1)(B) and 1132(a)(3) reasoning that should plaintiffs' 1132(a)(1)(B) claim fail, their breach of fiduciary duty claim under section 1132(a)(3) would be their only remedy. *Id*. at 89. The court acknowledged that the Supreme Court did not eliminate the possibility that a plaintiff could successfully assert claims under both sections 1132(a)(1)(B) and 1132(a)(3), but stated that equitable relief under section 1132(a)(3) would *normally* not be appropriate. While the determination of the appropriate remedy rested with the district court, the court cautioned that that determination must be based on ERISA policy and the special nature and purpose of employee benefit plans. *Id*.

In *Devlin*, unlike here, the possibility that plaintiffs might not have prevailed on their 1132(a)(1)B) claim was a very real one. Plaintiffs in *Devlin* were retirees who were suing their former employer to enforce the terms of a life insurance plan as those terms existed during their employment. *Id*. at 78. There were therefore suing not for actual benefits, but "to clarify their rights to future benefits under the terms of the plan," *See* 29 U.S.C. § 1132(a)(1)(B), a much less common cause of action in ERISA cases, than a suit "to recover benefits due . . . under the terms of the plan." *Id*.

Other than Plaintiff's allegations of harm caused by the denial of her benefits (which are addressed below), the sole allegation that Plaintiff makes in support of her demand for the removal of the claim fiduciary is as follows:

> Plaintiff does not have an adequate remedy at law, inasmuch as any benefit action under ERISA 502(a)(1)(B) will result in having further

---

[4] Similarly, under ERISA, while a court sometimes has the power to remove a fiduciary, that remedy, as discussed above, is available exclusively under section 1132(a)(2).

>claim determinations made by Defendant MetLife who has previously demonstrated an inability to act as a neutral claim evaluator.

(Amended Complaint ¶ 42). The purported injury that Plaintiff alleges is hers alone. She does not allege any violation of ERISA § 503(a)(2), 29 U.S.C. § 1132(a)(2), or that MetLife's purportedly wrongful actions have harmed the plan as a whole, nor can she. Therefore, Plaintiff's section 1132(a)(3) claim fails for two reasons: because a claim for the removal of a fiduciary can only be brought under section 1132(a)(2) and because she has only alleged an injury personal to herself rather than an injury to the plan as a whole.

### III.     Plaintiff Has an Adequate Remedy under Section 1132(a)(1)(B)

The gravamen of Plaintiff's amended complaint is that she has been injured by MetLife's denial of her claim for benefits. She alleges that she is disabled (Amended Complaint ¶¶ 12-15, 28), that she filed a claim for benefits with MetLife (Amended Complaint ¶ 16), that MetLife wrongfully denied her claim by denying her a full and fair review and in violation of ERISA (Amended Complaint ¶¶ 17-21, 24-25), and that MetLife is a conflicted decisionmaker (Amended Complaint ¶¶ 22-23). The specific allegations purporting to support her section 1132(a)(3) claim (Amended Complaint ¶¶ 32-42) is merely a cluster of legal conclusions and a repackaging of the same factual allegations supporting her claim for benefits. Thus Plaintiff's factual allegations in support of her claim for breach of fiduciary duty merely restate that MetLife's claims practices have caused her harm (Amended Complaint ¶ 36 and 40), by the denial of benefit payments. For the redress of such harm, Plaintiff has made a claim for benefits under section 1132(a)(1)(B). See Amended Complaint at page 7, paragraph b, which is attached to the accompanying Staples Decl. as "Exhibit A."

Where a plaintiff's factual allegations in support of both her 1132(a)(1)(B) and (1132)(a)(3) claims are essentially the same, relief under section 1132(a)(3) is unavailable as a

matter of law. *See, supra, Varity v. Howe; see also Krauss v. Oxford Health Plans, Inc.*, 517 F. 3d 614, 630 (2d Cir. 2007) (holding that plaintiffs were not entitled to relief for their breach of fiduciary duty claim because it was in essence a claim that they were denied a full and fair review); *Hall v. Kodak Retirement Income Plan*, 2008 U.S. Dist. LEXIS 22411, *12 (W.D.N.Y. March 20, 2008) (where the alleged breach of fiduciary duty relates to the interpretation of plan documents and the payment of claims, plaintiff is, in effect, seeking benefits, which can be remedied under section 1132(a)(1)(B)).

Said differently, where a plaintiff has an adequate remedy under section 1132(a)(1)(B), she should not also be given relief under section 1132(a)(3). *See Frommert v. Conkright*, 433 F.3d 254, 270, (2d Cir. 2006). In *Frommert*, the plaintiffs' ultimate claim was for pension benefits although they had also sought declaratory and injunctive relief. The Court held that because adequate relief was available under section 1132(a)(1)(B), the law is clear there is no need to also allow equitable relief under section 1132(a)(3). The court stated as follows:

> The issue has been addressed by the Supreme Court, which has consistently disfavored the expansion of the availability of equitable relief where remedies at law are sufficient. In [*Varity*], the Court concluded that §§ 502(a)(3) and (5), the "catchall" provisions, "act as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." It also observed that "we should expect that where Congress provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'".

*Id*. (citations omitted). In allowing cases simultaneously alleging section 1132(a)(1)(B) and section 1132(a)(3) claims to go forward, the second circuit's primary concern is that a plaintiff should not be left without a remedy. Where such danger does not exist, a separate remedy, which though couched as equitable relief merely reiterates the plaintiff's interest in protecting his or her own benefits, is not appropriate. *Cf. Frommert, supra* with *Devlin*, s*upra. See also Gerosa v.*

8

*Savasta & Co.*, 329 F.3d 317,321 (2d Cir. 2003) (in determining the propriety of a remedy, courts should look at the real nature of the relief sought, not its label.)

In *Tritt v. Automatic Data Processing Inc. Long Term Disability Plan Administrator*, 2008 U.S. Dist. LEXIS 41208, * 18 (D. Conn. May 27, 2008), the court held that where the plaintiff made no allegations under her section 1132(a)(3) claim that could not be remedied through her section 1132(a)(1)(B) claim, the relief requested under section 1132(a)(3) was not appropriate. Acknowledging that under *Devlin* both claims could theoretically go forward, the court nonetheless found that *Devlin*'s concern that plaintiffs there would be left without a remedy if their 1132(a)(1)(B) claims failed was not implicated in *Tritt*. Because the plaintiff was not at risk of being left without a remedy if the allegations of her complaint were found to be true, the court in *Tritt* dismissed her 1132(a)(3) claim as a matter of law, even though separate relief was requested under each claim. *Id*. *Cf. Thompson v. Linvatek Corp.*, 2007 U.S. Dist. LEXIS 37711, *32 (N.D.N.Y. May 22, 2007) (allowing both claims to go forward because it was not possible to determine if plaintiffs would have adequate relief under section 1132(a)(1)B), but stating that if they do they cannot also have relief under section 1132(a)(3)). *See also, supra,* distinguishing the instant case from *Devlin.*

Plaintiff here, as described above, is seeking in essence to recover benefits, which she alleges have been wrongfully withheld by MetLife. On the face of the Amended Complaint the "catchall" claim under section 1132(a)(3) is unavailable as a matter of law. Moreover, MetLife has already agreed to pay back benefits with reasonable interest, and to pay reasonable attorney's fees because it cannot timely or cost-effectively comply with the disclosure required.[5] The concern voiced in *Varity* and *Devlin* that an ERISA plaintiff should not be left without recourse is not, and

---

[5] ERISA § 404(a)(1)(A)(ii), 29 U.S.C. § 1104(a)(1)(A)(ii), requires that fiduciaries administer plans so as to defray the reasonable administrative expenses. *See also Bell Atlantic Corp v. Twombley*, 127 S. Ct. 1955, 1967 (2007) (stating that the prospect of costly and time consuming discovery "will push cost-conscious defendants to settle even anemic cases" before reaching summary judgment or trial)

9

never was, an issue here. Even if the relief that Plaintiff seeks were *not* statutorily foreclosed by ERISA, as detailed above, it could not be warranted in this case, because Plaintiff has been made whole.[6]

## CONCLUSION

For all the reasons set forth above, MetLife respectfully requests that the Court: a) dismiss Plaintiff's section 1132(a)(3) claim, thereby resolving this case in its entirety; and b) issue an order staying the extensive and burdensome discovery sought by plaintiffs until a determination can be made regarding dismissal of Plaintiff's section 1132(a)(3) claim.

Dated: August 13, 2008
      Queens, New York

                        **METROPOLITAN LIFE INSURANCE COMPANY**

                        By: s/Ariadne Staples
                            Ariadne Staples (AS 2839)

                        Counsel - Law Department
                        Metropolitan Life Insurance Company
                        One MetLife Plaza
                        27-01 Queens Plaza North
                        Long Island City, NY  11101
                        Tel (212) 578-3295
                        Fax (212) 743-0662
                        astaples@metlife.com

                        Attorneys for Defendants

---

[6] The parties have not yet agreed on the amount of a reasonable attorney's fee, but have been negotiating that issue.